HENRY SIMONDS, SAMUEL .D. WINSLOW, AND GEORGE B. ARMINGTON, *Apts. v.* THE ESTATE OF PETER POWERS.

### *Homestead.*

The homestead of a deceased person is holden and liable for the same debts which it was before his decease. It is not exempted from debts which accrued before its purchase, or before the 1st of December, 1850.

APPEAL from a decree of the court of probate, setting out a homestead to the widow and heirs of Peter Powers, deceased. Trial by the court, September Term, 1855,—PIERPOINT, J., presiding.

The appellants were creditors of the estate of the said Powers. The debt of Henry Simonds, one of the appellants, was contracted prior to the first of December, 1850. The claim of S. D. Winslow consisted of a book account, a part of which was contracted prior to the first of December, 1850, and a part subsequent to that date.

The appellants contended, that as to all the claims contracted, prior to the first of December, 1850, the act authorizing the setting out of a homestead did not apply; and that the probate court should have ordered the executor to provide for the payment of all debts, contracted prior to the first of December, 1850, before setting out the homestead. But the court decided that the act authorized the probate court to set out a homestead, without ordering the payment of debts contracted prior to the first of December, 1850 ; and affirmed the decree of the probate court.

Exceptions by the appellants.

*R. R. Thrall* for the appellants.

*E. Edgerton* for the appellees.

The opinion of the court was delivered by

BENNETT, J. The important question in this case, is in relation to the construction of the fourth section of chapter 65 of the Compiled Statutes. Is it subject to the same exceptions, as to debts contracted *prior* to the first of December, 1850, as the first section of the homestead law, so called ? The language of the 4th section

is general.  It, in terms, declares that " if any head of a family shall decease, leaving a widow, his homestead, of the value of $500, shall wholly pass to his widow and children, if any there be, in due course of descent, without being subject to the payment of the debts of the deceased, unless made specially chargeable thereon, or for taxes assessed thereon."   The intention of the legislature is the pole-star, in construing a statute, and to effectuate such intention, the language of the legislature may be enlarged or restrained, if necessary, and the construction should be on the whole statute.   The first section exempts the homestead from all debts of the deceased contracted after the first day of December, 1850, except, as is afterwards provided in the act.   The 6th section of the act provides that such homestead shall be subject to attachment and execution upon any contract that may be made, and for all matters and causes of action which may accrue previous to, or at the time of the purchase of such homestead.  It is, then, clear, that under the 6th section, the homestead in the hands of the widow would be subject to all debts which the husband owed at the time he made the purchase ; and we think that the words in the 4th section, " without being subject to payment of the debts of the deceased," should be so limited, as to exempt it only from such debts as were made after the 1st of December, 1850, or after the purchase of the homestead by the deceased husband.  It can hardly be supposed that the legislature intended to cut off the old creditors of the deceased husband, whose claims existed before the passage of the act, or even before the act went into effect, from going against the homestead, after the death of the husband.   It would be as unjust as it would be to have exempted the homestead from all debts, of every description, in the lifetime of the husband, and while in his hands.

We think, then, the decision of the county court should be reversed.