PHILANDER PERRIN, *Administrator of the estate of* BENJAMIN F. SARGEANT, *Appellant,* v. THE WIDOW AND MINOR CHILD OF BENJAMIN F. SARGEANT, *Appellees.*

*Homestead. Evidence.*

The homestead of a deceased person is subject to the payment of his debts contracted before the 1st of December, 1850, or the purchase of the homestead.

In an appeal from the decree of the Probate Court setting out a homestead, the time when the debts of the deceased were contracted may be shown by other evidence than the report of commissioners allowing them.

The allowance by commissioners of a debt, contracted by the deceased prior to the purchase of the homestead, does not so merge the debt as to prevent its being chargeable upon the homestead.

APPEAL from an order of the Probate Court setting out a homestead to the defendants, without making the same subject to any debts whatever of the intestate. The cause was tried by the court, at the June Term, 1859, BARRETT, J., presiding.

The plaintiff gave in evidence, subject to all legal objection thereto, a copy of the report of the commissioners upon claims against the intestate's estate, which did not describe the time when any of the debts therein allowed were incurred.

The plaintiff also, under objections by the defendants, was permitted to prove that several of the claims allowed by the commissioners, accrued against the intestate previous to the 1st day of December, 1850, or prior to the purchase of the homestead by the intestate. One of these claims was on a judgment, and a certified copy of the record was given in evidence by the plaintiff. Another was on a note, and another on an account, and both the original note and the account were produced and given in evidence by the plaintiff, accompanied with parol evidence, showing their identity with the subject of the claims allowed by the commissioners. It further appeared that the intestate's estate was insolvent.

Upon these facts the County Court *pro forma* rendered judgment for the appellees, affirming the decree of the Probate Court setting out the homestead, to which the plaintiff excepted.

The plaintiff *pro se*, with whom was *C. W. Clarke*.

*William Hebard* for the defendants.

POLAND, J. The counsel for the widow and child of the intestate first claim, that under the 4th section of the homestead act, (Comp. Stat. 391,) providing for a homestead to be set out to the widow and children of a deceased housekeeper, such homestead is not subject to the claims of such housekeeper's creditors, which accrued prior to Dec. 1, 1850, when the homestead act took effect, or to debts which accrued prior to' the purchase of the homestead, though by other sections of the act, the homestead is expressly made subject to such debts, in the lifetime of such housekeeper.

The considerations urged by the learned counsel in behalf of this position, that the Legislature really intended to make the estate liable to such debts in the one case, and not in the other, would deserve serious attention, if we could regard it now as an

open question. But the very point was before the court in 1856 and was fully considered, and decided adversely to this view, and upon a careful examination of the act, and the reasons given for the judgment by Judge BENNETT, in *Simonds et al.* v. *Estate of Powers*, 28 Vt. 354, we are disposed to adhere to the decision already made. Nor do we deem it needful to resort to further reasoning to support that opinion, than is furnished in the report of that case.

It is claimed, too, that this effect is produced by the act of November 14, 1855, in amendment of the homestead law. (See Laws of 1855, p. 17.) But an examination of that act will show no intention to create any such distinction, if not intended in the original act itself. The language which it is claimed produces this effect, is literally copied from Sec. 4 of the original act. The great object of the act of 1855, was to limit the right of homestead in the estate of a deceased person to his widow and minor children, while under the original act, *children* of any age, were all equally entitled, *adults* as well as *minors*. The act also makes some additional provisions relative to setting out homesteads.

We could not hold that such effect was produced by the act of 1855, without overruling the decision in the 28th Vt. above referred to.

It is also claimed, that it was not properly proved in the County Court, that there were any debts against the estate which accrued prior to December 1, 1850, or prior to the purchase of this homestead by Sargeant. It is insisted in the first place that it should appear upon the face of the commissioner's report, and that no other evidence is admissible to prove when the debts accrued.

But we are not prepared to adopt this conclusion. The duty of the commissioners is merely to allow all legal claims presented against the estate. They are not required to ascertain when the claims accrued, or to make any discrimination between claims that may be chargeable upon the homestead, and those which are not; their only duty is to allow and report such claims as they find to be legal claims against the estate, without regard to the particular fund, to which they may resort for

payment. If the report were to state when the debts accrued, it is very doubtful whether this would be evidence of the fact when it became material between other parties, as it is not a fact material for the commissioners to find, or their legal duty to report. In such cases where it becomes material to ascertain when the debts allowed by commissioners accrued, so as to know what debts are chargeable against the homestead, and what are not, any proper evidence must be admissible to show when they accrued. What that is, must depend upon the nature of the claim. The principal claim in the present case was a claim upon a judgment; this was properly shown by a copy of the record. Another was upon a note; this was properly shown by producing the note. In the cases of the allowance of accounts, the production of the accounts allowed and parol evidence of identity was the proper proof. The proof required is the same as in any case where it becomes necessary to show, that a particular claim has been adjudicated, as where a former recovery is pleaded in bar of an action, and it becomes necessary to show the real claim adjudicated in the former action. If the record does not show, parol evidence is admissible. This is always so where the former recovery is upon a declaration containing only the general counts in debt, or assumpsit, and no specification of the cause of action has been placed upon the record; parol evidence is resorted to, to show the real cause of action. It was suggested in the argument that the allowance by commissioners was really a judgment, and therefore a merger of the original debt, and that thereby the right to claim against the homestead was lost. The allowance by the commissioners when accepted by the Probate Court is held to be a judgment, but we think has no such effect as claimed for it, any more than an ordinary judgment deprives the creditor of any mortgage or other security he might have. If such were held to be the effect of allowance by commissioners it would release the homestead of a deceased person from all debts, for unless they are presented and allowed by commissioners, the statute is express that they shall be barred.

We are satisfied the decree of the Probate Court setting out the homestead to the widow and child, without first providing for the payment of those debts properly chargeable against it,

was erroneous, and so was the affirmance of that decree in the
County Court. The judgment of the County Court is therefore
reversed, and the decree of the Probate Court reversed, and
this decision to be certified to the Probate Court, accordingly.