JUDGE OF PROBATE *v.* FRANKLIN SIMONDS.

If a creditor, whose debt accrued before the passage of the homestead act, present his claim to the commissioner on an insolvent estate, take his dividend and without objection allow the widow's homestead to be assigned by the probate court, and the administrator, for the payment of debts, sells the land assigned subject to the widow's homestead, such creditor cannot afterwards require the administrator to sell any interest of the estate in the land assigned for homestead to pay the balance of his debt.

In such case if a creditor would enforce his claim against the widow's right of homestead he should object to the assignment till his debt is paid.

DEBT on the official bond of Simonds as administrator of the estate

of Ebenezer Cheney, jr., deceased. The action is prosecuted by and for the benefit of Bard P. Paige, a creditor of the estate.

Simonds was appointed administrator at the July Term, 1863, of the probate court. At the August Term, 1863, the estate was decreed to be administered as insolvent, and a commissioner was appointed. Paige presented his claim, being a judgment recovered by him against Cheney in the Merrimack C. C. Pleas, October Term, 1850, founded upon a promissory note for two hundred and twenty-five dollars, dated August 27, 1847, to the commissioner for allowance, and it was allowed by him to the amount of $498.34. The commissioner's report, including various other claims, together with that of Paige, was duly accepted at the April Term, 1864, and subsequently, at the September Term, 1864, a dividend was decreed among the claims allowed by the commissioner. That dividend was about 26 per cent., and amounted on Paige's claim to $136.84, which was accordingly paid to him by the administrator. Previously to this dividend, the administrator had duly obtained license from the probate court to make sale of the real estate of the deceased, including equities of redemption and reversions of dower and homestead, to pay debts. The real estate consisted of the homestead farm of the deceased, in Bradford, in which his widow, who is still living, had a right of dower and also of homestead, and which was also subject to a mortgage dated February 6, 1863, to one Jona. H. Maxon, which was in form a homestead mortgage, but was not signed by the wife.

In May, 1864, the administrator, under the license, made sale of all the right, title and interest of the deceased, at the time of his death, in said farm, describing the same as subject to the mortgage and also to the widow's rights of dower and homestead, and conveyed the same accordingly, the widow being the purchaser. The proceeds of that sale were included in the dividend before mentioned. The widow's dower and homestead had been set off and assigned to her by the probate court before the application by the administrator for license to sell real estate, to wit, at the December Term, 1863. The real estate aforesaid, with some personal property, constituted the whole estate of the deceased. All the personal property has been disposed of, and the proceeds were included in the dividend; and there are no assets remaining in the hands of the administrator for payment towards the balance of the claims allowed by the commissioner, remaining after the dividend, unless that portion of the real estate set off and assigned to the widow as a homestead constitutes such assets as to Paige's claim. After the sale and conveyance by the administrator as aforesaid, to wit, on the 26th day of July, 1864, Paige, by his attorneys, made the following request in writing to the administrator :

*To Franklin Simonds, Esq., Administrator of the estate of Ebenezer Cheney, jr., late of Bradford, deceased :*

The undersigned, Bard P. Paige, respectfully represents that he has a claim against the estate of said deceased, founded on a judgment ren-

dered against the said Cheney, in the court of Common Pleas for the county of Merrimack, on the 14th day of October, 1850; which said claim was duly presented to the commissioner on said estate, and by him allowed, amounting to the sum of $498.34, and that the personal and real estate which has been sold, is insufficient to pay his said claim in full.  He further represents that a homestead in said estate of the deceased, to the value of five hundred dollars, has been set off to the widow; and that, as against his said claim there can be no homestead, or reversion of homestead.  He respectfully requests you to procure a license from the judge of probate, for said county, and to sell the real estate set out as the widow's homestead, as aforesaid, and any other real estate of the deceased, or interest therein, and to satisfy his said claim.

Dated the 26th day of July, 1864.

BARD P. PAIGE,

By his Att'ys, TAPPAN & SANBORN.

The administrator has not complied with this request.
The foregoing facts appeared upon an agreed case.

*Tappan & Sanborn*, for plaintiff.

I. Our position is, that Paige's claim being a "judgment rendered on" a "contract made before the first day of January, A. D., 1852," neither Cheney, if living, his widow or minor children, could be entitled to any homestead as against it.  Comp. Stat., chap. 196, secs. 1 and 5; *Strachn* v. *Foss*, 42 N. H. 43.

The language of the law is clear and explicit, needing neither explanation nor argument; and in the absence of any such statutory provision, we understand the law to be, that there could be no intervention of homestead rights as against Paige's claim.

The administrator was bound to administer so that *all* of his intestate's estate, not specially excepted, should be assets in his hands for the payment of debts, so far as it was sufficient.  Any real estate, therefore, remaining, is still liable to be sold, and the proceeds thereof applied in payment of debts against the estate.  And it makes no difference whether or not the administrator has the sanction of the probate court to reserve a certain portion.  It was his duty to obtain a proper license, especially when requested to do so.

The case finds that the administrator did reserve, and did not sell, a certain portion of the real estate, to wit, the homestead which was set off and assigned to the widow at the December Term, 1863, of the probate court; and whatever proceedings may have been had in that court in regard to a homestead, they certainly cannot affect Paige's claim, only by showing the fact, already admitted, that a portion of the real estate, valued at five hundred dollars, still remains unsold, and liable to satisfy this claim.

II. Nor can the mortgage to Maxon affect Paige's right to have the avails of a sale of the homestead applied in payment of his claim.

The mortgage did not convey the homestead. Comp. Stat. chap. 196, secs. 1 and 6. Whatever might be the relative rights of parties if Cheney were living, at his decease, the right to have a homestead assigned to her, as against the mortgage, vested immediately in the widow. *Gunnison* v. *Twitchell*, 38 N. H. 62 ; *Norris* v. *Moulton*, 34 N. H. 392 ; *Atkinson* v. *Atkinson*, 37 N. H. 434. And so the administrator understood it, and caused a homestead of the value of five hundred dollars to be set off to her, and she now holds it free from all lien created by the mortgage.

We say, then, that Paige's claim stands exactly as if the mortgage to Maxon had never been executed, and the homestead act were unknown to our statutes.

In conclusion, the result from all the facts found in the case is simply this ; about one third part of the intestate's farm which by law is holden for the plaintiff's debt, and which can only be reached through the administration of his estate, has not been administered upon, and the debt not paid, because the administrator declines and refuses to do what the plain provisions of the statute require that he should do. As against all other claims his proceedings are well enough, but as against this claim which accrued prior to the first day of January, 1852, there remains so much of the real estate, which has not been administered upon.

*Minot & Mugridge*, for defendants.

I. The case shows that the assignment of the homestead to the widow was made even before the application by the administrator for license to sell the real estate, and consequently before that sale. It also shows that the license to the administrator was to sell the real estate of the deceased, including the equity of redemption and the reversions of the widow's dower and homestead.

The assignment of the homestead was, as the records of the probate court show, made on the application of the widow therefor, after proper notice by publication, and in due form. The action of the probate court in the matter, while it remained in force, was conclusive on the administrator. *Tebbetts* v. *Tilton*, 24 N. H. 120. He therefore had no right to sell the homestead thus assigned; and the license to him was made accordingly.

If this creditor had any rights against that homestead, it was his duty to assert them, or at least to advise the administrator so that he could assert them, while that matter was before the probate court. The administrator may not have known that Paige was a creditor, or what his claim was. The report of the commissioner was not made until after the assignment of the homestead, and even then did not show the particulars of the claim. And if the administrator had known them, he did not know whether or not the creditor intended to assert his claim as against the homestead.

II. The sale by the administrator was in pursuance of the license

and in accordance with the previous action of the probate court with regard to the assignments of dower and homestead, of the real estate subject to the mortgage and the widow's rights of dower and homestead. This creditor, by the dividend, received his proper share of the proceeds of that sale, and is thereby estopped now to call it in question, if otherwise he might.

But no complaint is made by the creditor of any malfeasance or nonfeasance on the part of the administrator in any of those proceedings. The sole cause of action assigned by him, and on which he claims to sustain this suit, is the refusal or neglect of the administrator to procure license and make sale of the real estate set out as the widow's homestead, to satisfy the balance of his claim, as requested by him.

If the views before suggested as to the binding force of the action of the probate court in the assignment of the homestead, on the administrator, be correct, the administrator had not, and could not by any license from the probate court acquire any right to make such a sale. And his refusal or neglect to do what he could not legally do would constitute no cause of action against him on his official bond.

But in another view any such attempted action as requested by this creditor would seem to have been useless and nugatory. The administrator had previously in due and legal manner made sale and conveyance of the real estate subject to the mortgage and to the widow's rights of dower and homestead. That conveyance gave to the purchaser all the title and estate, subject only to the claim and rights specified. It therefore included the equity of the mortgage and the reversions of the dower and homestead estates respectively. But the request of this creditor to the administrator was for a sale of that portion of the real estate set out as homestead, and not of the homestead estate itself, thus including the reversionary interest in that portion which had already been sold and conveyed.

If the deed by the administrator be construed as a conveyance of the property, subject only to the claim and rights specified, whatever they might prove to be, then there would be no interest whatever remaining in the estate. If from any cause that claim or those rights failed or were avoided, the resulting benefit would be to the purchaser and not to the estate. And the same result practically would follow in this case, if the terms of that deed be construed as reservations of the estates of dower and homestead as assigned. The homestead estate of a widow continues only during her occupancy. *Norris* v. *Moulton*, 34 N. H. 392. Whenever that occupation ceases, the estate also ceases and the title of. the reversioner becomes complete. In the present case, therefore, the effect of avoiding the widow's homestead estate, by a sale as requested by the creditor, would be, by ousting the widow, to extinguish the homestead estate, for the benefit of the reversioner, and not to transfer that estate to a purchaser. Under our law there cannot be any conveyance of a widow's homestead estate to a third person. Under such circumstances, an attempt for a sale would seem to be useless.

III. If the law applicable to this case shall be held different from

what is above suggested, yet, in a case of so much doubt, the administrator could not be required to act as this creditor requested, at his own risk and expense. He was entitled to indemnity. But none was offered by this creditor. *Sanborn* v. *Goodhue*, 28 N. H. 48.

PERLEY, C. J. In *Norris* v. *Moulton*, 34 N. H. 392, it was decided that the judge of probate is authorized to assign the widow's homestead under the provision of the statute, which gives him jurisdiction to cause the dower and share of the widow, and the shares of any or all of the heirs or devisees in the real estate of any person deceased to be divided and assigned to them in severalty. Rev. Stat. ch. 167, sec. 1. The assignment of homestead in this case appears to have been duly made under the statute. Paige, the creditor, being interested in the question, might have objected in the probate court to this assignment, and might have appealed from an adverse decree of that court. Rev. Stat. ch. 170, sec. 1. He might have insisted that no assignment of homestead should be made till his debt was paid. *Perrin* v. *Sargeant*, 33 Vt. 84. This, we think, is the course which he should have pursued if he intended to enforce his claim against the widow's right to the assignment of her homestead. The time and place to assert his claim against her right was in the probate court when the judge was proceeding under the statute to assign the widow her shares of dower and homestead.

There is another difficulty with the plaintiff's case. The administrator's sale passed the title in the land sold subject to the widow's right of homestead. The plaintiff's case goes upon a concession that the sale was valid and passed to the purchaser what she bought. It cannot affect the legal question that the widow in this case happened to be the purchaser. The purchaser under such a sale takes the whole title in the land sold, except the widow's right of homestead. Paige's complaint is that the administrator has not sold for her benefit the widow's interest in the land assigned for her homestead. But her interest was a mere personal right to occupy during her life. It was no estate that she could transfer to another; and an attempt at sale of that right by the administrator would not change the nature of her interest so as to make it an estate in the purchaser at the administrator's sale. The purchaser at an administrator's sale of land subject to a homestead right of the widow, when she ceased to occupy in person, would hold the land discharged of her right. There was, therefore, no interest in the land that the administrator could sell. *Gunnison* v. *Twitchell*, 38 N. H. 62; *Bennett* v. *Cutler*, 44 N. H. 69.

*Judgment for the defendant.*