## JAMES WHITE'S ADMR. v. ANNA C. WHITE, APT.

*Homestead. With what debts chargeable after death of homesteader.*

Under R. L. 1898, a homestead is chargeable with the debts of the home-steader to the same extent after his decease that it was before.

Appeal from an order of the Probate Court for the district of Caledonia charging the homestead of Anna C. White with the payment of the debt of M. B. Hall. Trial by court at the December term, 1890, Tyler, J., presiding, upon an agreed statement of facts. The decree of the Probate Court was reversed, and judgment given that the homestead was not chargeable with the said debt. M. B. Hall having been made a party to the proceedings, excepted.

The case appears in the opinion.

*Smith & Sloane,* for Hall.

The homestead, having been subject to the payment of this debt in the husband's lifetime, passed to the widow under the same limitation. *Simonds et al.* v. *Power's Estate,* 28 Vt. 354; *Perrin, Admr.* v. *Sargent,* 33 Vt. 84; *University of Vt.* v. *Baxter's Estate,* 43 Vt. 645; Thomp. Homestead, Sec. 547; *Thompson* v. *Brown,* 16 Mass. 179; *Abell, Guar.* v. *Lathrop,* 47 Vt. 378; *Tilden* v. *Crimmins,* 60 Vt. 546.

*Alexander Dunnett,* for Anna C. White.

The reading of the statute has been materially changed since the earlier cases were decided. The widow now takes the homestead free from all claims save those alone which have been

37

"legally charged" against it. To "charge" the homestead with a debt the creditor must have begun some proceedings in the lifetime of the homesteader. *Vaughn* v. *Durnell*, 4 Durnf. & East 367.

The opinion of the court was delivered by

ROSS, J. Upon the agreed case the debt due from the estate to M. B. Hall was contracted before the intestate purchased the claimed homestead. It is conceded that Mr. Hall would have had the right to take the claimed homestead to satisfy his debt at any time during the life of the intestate. But it is contended that this right expired with the death of the intestate, and that his widow, the appellant, has the right to the homestead against the debt of Mr. Hall. This is the only question for consideration. A homestead exemption was first given in 1850, Com. St. sec. 4, p. 390. This section read, " If any such housekeeper, or head of a family shall decease leaving a widow, his homestead, of the value aforesaid, shall wholly pass to his widow and children, if any there be, in due course of descent, without being subject to the payment of the debts of the deceased, *unless made specially chargeable thereon,*" etc. Another section of the act made the homestead subject to attachment and execution upon all contracts, matters and causes of action, which might accrue previous to or at the time of acquiring the homestead. Under this act the question arose in regard to the meaning of, " without being subject to the payment of the debts of the deceased, *unless made specially chargeable thereon.*" It was held in *Simonds et al.* v. *Est. of Powers*, 28 Vt. 354, decided in 1856, Bennett, J., delivering the opinion, and in *Perrin, Admr.* v. *Sargent*, 33 Vt. 84, decided in 1860, Poland, J., delivering the opinion, that the homestead of a deceased person was holden and liable for the same debts which it was before his decease. Various changes were made in reference to the interest of the children in such homestead, but with reference to the debts for

the payment of which it could be taken, the statute remained unchanged until the General Statutes took effect in 1863. The phraseology of sec. 4 of the Act of 1850 last quoted was then changed so that it read, "without being subject to the payment of the debts of the deceased, *unless legally charged thereon in his lifetime*, and such widow and children respectively shall take the same estate therein of which the deceased died seized," etc. This is the language of the law now in force on this branch of the subject. R. L. 1898.

The appellant contends that this change in the language of the statute manifests an intention on the part of the Legislature to change the law upon this subject, and that "legally charged thereon in his lifetime" means that the debtor who has the right to take the homestead in satisfaction of his debt during the life of the husband, must during that time do some act legally to take it in such satisfaction, and if the debtor fails to perform such act before the decease of the husband, the widow takes the homestead freed from liability to pay his debt. The appellant urges that force should be given to the clause "in her lifetime;" that at the decease of the husband all right to charge the debt upon the homestead ceases. It is apparent that at his decease, under the Act of 1850, all right to make the debt specially chargeable ceased. The language there used, "made specially chargeable" apparently imported that the debtor had, or should do something in the direction of making the homestead holden for the payment of his debt before the homestead vested in the widow and children. The language, "legally charged" and "made specially chargeable" are of quite similar legal import or signification.

Both clauses are to be read keeping in view both the language which precedes and follows. Both clauses are preceded by the statement that the homestead shall vest "without being subject to the payment of the debts of the deceased." This refers to a payment to be made after the decease of the husband. The clause commencing with "unless" states what debts it may

be taken in payment of. Unless here is the equivalent of except. The decisions in the 28 Vt. and 33 Vt. hold that the language of the Act of 1850 means no more than that the homestead should remain liable for the payment of the same debts after it descended to the widow and children that it was liable for when the title stood in the husband. We think the change in the phraseology of this provision in the General Laws of 1863 did not intend to change the settled law on this subject. It is followed by the declaration that the widow and children shall take the same estate of which the deceased died seized. The deceased died seized of the homestead premises subject to the right of Mr. Hall to take them in payment of his debt.

This language, while it may also have reference to the particular estate, either legal or equitable, held by the husband, has reference to the extent to which it shall be free from the payment of his debts ; for that was the subject matter under consideration. The change in the language used in reference to this subject in the Gen. St. of 1863, does not, to our minds, manifest any clear intention of the Legislature to change the law.

*The judgment is reversed, and judgment rendered with costs, that the defendant is not entitled to a homestead in the premises against the debt due Mr. Hall. Judgment ordered to be certified to the Probate Court.*