## Benjamin Hall v. Nathaniel Eaton.

*Action on the case not the proper remedy for fraud of defendant, in combining with plaintiff's debtor, to conceal the debtor's property, &c.*

An action on the case, for the fraud of the defendant, in combining with plaintiff's debtor, in attaching all the personal property of the debtor for the benefit of the debtor, and concealing the same, in order to prevent the plaintiff from enforcing the payment of his debt, cannot be sustained; but the proper remedy is either to attach the property fraudulently held, or charge the defendant as trustee, or seek aid in a court of equity, or pursue the defendant personally under the statute, for being a party to a fraudulent judgment or fraudulent sale.

Nor can an action on the case, where the *gist* of the action is the *fraudulent combination and conspiracy* of the defendant with the plaintiff's debtor, to secrete the property, and prevent the plaintiff from obtaining payment and security for his debt, be sustained.

ACTION on the case for a conspiracy. The declaration contained three counts; but a synopsis of the third count will sufficient- show the nature of the action.

In the third count it is alleged, that on the 2d day of May, 1836, the defendant, at the request of one L. H. Chase, purchased a farm in Plainfield, for $3,100 ; paid nothing down, but gave his own notes and mortgage for the same, and then gave said Chase a bond that if said Chase would pay said notes, defendant would deed said premises to said Chase.

That said Chase, prior to the 30th day of December, 1843, under said contract, paid out of his own funds, the notes as they fell due, so that little, if anything, was due on the notes given by the defendant for said farm.

That on the said 20th day of December, 1843, said Chase was possessed of personal property of the value of $2,000. That said Chase, on the 20th day of December aforesaid, was indebted to the plaintiff in the sum of $300, and to other creditors in the sum of $1,000 ; that on the said 20th day of December aforesaid, the defendant and said Chase entered into a combination and conspiracy, to defraud the plaintiff, and the other creditors of the said Chase, and to place all the property aforesaid, beyond the reach of creditors, and did agree that said Chase should confess judgment before

a justice for $1,641 50, and that defendant should sell all the personal property aforesaid, on execution issued on said judgment, for the benefit of said Chase; and that defendant and said Chase should then both declare and affirm that all said real estate, personal property and crops, &c., were the sole property of defendant; that said Chase was the owner of the same, and defendant had little if any interest in the same. That said Chase did, on said 20th day of December, 1843, appear before a justice, and confessed himself indebted to the defendant in the sum of $1,641 50, and execution issued, and property was sold on the same, and was all bid in by defendant or for him, for the sum of $1,001 59. That all the said property went back into the hands of said Chase, with an agreement that it should not apply on said execution; but that defendant and said Chase should declare and affirm to the plaintiff that the sale was valid, and that the defendant was sole owner of the same; that from January, 1844, to the death of said Chase in 1849, both defendant and said Chase did affirm that said farm, personal property, and the increase and products of the same, were the sole property of the defendant, and that said Chase had no interest in the same, either in law or equity. That the defendant declared to the creditors of said Chase, that he would sue any one who attached any of the said property; that he did commence suits against one Chamberlain and Keith for attaching a portion of said personal property. That said Chase sold all said personal property and crops, as he pleased, without accounting to defendant for the same.

That the plaintiff, while his debt was due and unpaid, applied to defendant in relation to the interest of said Chase, in said property, and defendant said he was sole owner, and that said Chase had never paid a dollar towards the said property, and that if any person should attach said property, he, defendant, should sue immediately for the same.

That said Chase, at all times, had property sufficient to pay plaintiff's debt, claimed by defendant, and plaintiff would have attached the same and secured his debt, but for the declaration of defendant as aforesaid. That plaintiff, believing the declarations of defendant to be true, did not attach as he otherwise would. That all said declarations of the defendant and said Chase were false, and made for the purpose of hindering and delaying the plaintiff and other creditors of said Chase, from collecting their debts,

and known to be wholly false by the defendant and said Chase when the same were made. That in August, 1849, said Chase died wholly insolvent, and the plaintiff, by reason of the fraudulent conspiracy aforesaid, has wholly lost his said debt.

The defendant filed a general demurrer to the plaintiff's declaration.

The County Court, September Term, 1852,—PECK, J., presiding,—adjudged the declaration insufficient.

Exceptions by plaintiff.

*J. A. Wing* for plaintiff.

It is admitted, that the general current of authorities tend to show, that for a fraudulent conveyance, the creditors cannot sustain an action on the case, in their own names, to recover damages; but we insist, that no case can be found where a man has suffered damages by the direct fraud and falsehood of another, that the injured party can not recover, except in the case of a fraudulent conveyance, and the case of a man lying about his own circumstances and property.

Do the facts alleged amount to nothing more than a fraudulent conveyance?

The first question that arises in this case is, can A. sell to B., who is in debt, property to a large amount on credit, with a condition that the property shall remain A.'s until paid for; and after that, receive the pay in full from B., under a fraudulent agreement that they will both affirm and declare that B. has never paid a dollar towards said property, and that said A. will sue any person who should sue B. and attach the same, and from time to time commences suits to recover for said property, when he has no interest in the same; will the court say, that if a creditor of B. should go to A. and inquire if B. had not interest in said property, and A. should say that B. had never paid one cent for the property, and that said property all belonged to him, the said A., and the creditor should rely on said false statement of A., and should suffer his debt to run until after the death of B., who dies insolvent, that the creditor of B., who has thus lost his debt, by means of the fraud and falsehood of A., has no remedy at law for the fraud?

This is no fraudulent conveyance, as the sale was honest, and the fraud lay in lying about the payment; no action for the penalty

Hall *v.* Eaton.

could be sustained, and in place of said action for the penalty, and the right to attach the property, the person defrauded should be entitled to recover his damages, in an action on the case for a *conspiracy.*

The case of *Hart* v. *Tallmadge,* 2 Day, 381, was where J. H. forged a note on the defendant, and then sold and endorsed it to the plaintiff; the plaintiff, when the note fell due, called on defendant, who knew the note to be a forgery, but did not disclose the fact of the forgery, and put the plaintiff off, and advised J. H. to abscond, with a view to prevent the plaintiff from collecting his debt; the said J. H. then having property sufficient to pay the plaintiff. The court held this was sufficient to entitle the plaintiff to recover of the defendant for the fraud.

The case of *Barker* v. *French,* 18 Vt. 460, shows that it is evidence of fraud, for a person to make false representations of his interest in property.

The case of *Blanchard & Blodgett* v. *Davis,* tried in Caledonia County, (not reported,) is analagous to the case at bar.

*Peck & Colby* and *F. F. Merrill* for defendant.

An action on the case will not lie, in favor of the creditor of a person who is insolvent, against a third person, charging him with having fraudulently taken and claimed the property of the insolvent as his own, to defraud creditors. *Smith* v. *Blake,* 1 Day, 258. *Lamb* v. *Stone,* 11 Pick. 526. *Moody* v. *Barton,* 27 Maine, 427.

The injury to the plaintiff is too remote and contingent to sustain the action. *Lamb* v. *Stone,* 11 Pick. 526. *Cunningham* v. *Browne,* 18 Vt. 123.

An action on the case will not lie, where the law has provided another remedy. (Com. Dig. title, action on the case, B. 8; *et ib.* title, action on the case for deceit. E. 5.)

The action is one of new impression, and for that reason the court will not sustain it, except upon the most satisfactory grounds. *Cunningham* v. *Brown,* 18 Vt. 123. *Davenport* v. ——, Cro. Eliz. 520.

The opinion of the Court was delivered by

ISHAM, J. The question in this case, arises on a general demurrer to the third count in the declaration, as it is not claimed

that the other counts can be sustained, if this is found insufficient.

Upon the facts stated in this count, we have no doubt that the property was fraudulently held by the defendant, and that it might have been taken and held by the creditors of Chase. If a suit had been commenced, and the property attached, or if the defendant' had been charged as trustee, by any of the creditors of Chase, their debts might, in that way, have been secured; and courts of equity would have lent their aid in their behalf; or if proceedings had been instituted against the defendant personally, instead of the property, the statute imposes a penalty for being a party to a fraudulent judgment, or a fraudulent sale; either or all of these remedies might have been resorted to, by the plaintiff, and an ample remedy found in these usual and accustomed modes of relief.

It has been properly admitted in the argument of this case, that if the declaration is considered as merely charging the defendant with being a party to that fraudulent purchase and judgment, for the purpose of defrauding the plaintiff of his debt, this action cannot be sustained. It was so ruled in the case of *Lamb* v. *Stone,* 11 Pick. 526, in which it was held, " that an action on the case, for " the fraud of the defendant, in purchasing personal property of " the plaintiff's debtor, and aiding the debtor to escape, in order to " prevent the plaintiff from enforcing payment of his claim, by at- " taching the property or arresting the body of the debtor, cannot " be sustained; and that the only remedy of the creditor is, either " to attach the property fraudulently disposed of, or to attach it in " the form of a trustee process." The reasoning of MORTON, J., is satisfactory, that no such action can be sustained, either on principle or sound policy. It is insisted, however, that this case is not of that character; that the gist of the action is the *fraudulent combination and conspiracy* of the defendant, with Chase, to secrete the property, and prevent the plaintiff from obtaining payment and security for his debt; *for this conspiracy,* it is claimed, this action can be sustained. Assuming that the declaration is in form sufficient for that purpose, it is still to be observed, that in all cases of a fraudulent sale of property, two or more persons are necessarily concerned, and a fraudulent intent and design necessarily exists between them; and if the facts stated in this count are sufficient to sustain such an action, then, in every case of a fraudulent transfer of property, this remedy may be adopted. If this action

Hall *v.* Eaton.

can be sustained by this creditor, it can be by each and all of the creditors of Chase, and a recovery had, and the amount recovered could not be applied in satisfaction of the claim against the debtor.

The most conclusive objection, however, to this form of action, arises from the consideration, that the acts complained of are alike injurious to all the creditors of Chase. The plaintiff has not been injured in any personal, individual right; the injury is alike common to all the creditors. If the plaintiff, by an attachment, had acquired a specific lien on this property, or the right to have the application of this property made in payment of his debt, to the exclusion of other creditors, a different question would arise. Under such circumstances, the case of *Adams* v. *Page*, 7 Pick. 550, would seem to sustain the principle that an action on the case could be sustained, as also the cases of *Yates* v. *Joyce*, 11 Johns. 136, and *Smith* v. *Toustall*, Carth. 3. In this case, the plaintiff has lost no lien on this property, for he had none; no attachment has been defeated, for none has been made; he has no personal or individual claim or interest in this property, for he never had acquired either; and without this consideration, no action of this character has ever been sustained. In Com. Dig. action upon the case, B. 2, it is said that this action cannot be sustained where the injury is alike common to all, and where no right peculiar to the party has been affected. The case of *Moody v. Burton*, 27 Maine, 427, sustains the same principle, and seems to be undistinguishable from the present case. That was an action on the case against the defendants, for being parties to a fraudulent conveyance of property, made for the purpose and with intent to defraud creditors. From the opinion of SHEPLEY, J., it appears that the last count contained the same averment that is made in this, "that the defendants cor-"ruptly did combine and conspire together to defraud the plaintiff "by the acts aforesaid," so that if the present case is an action for an unlawful combination and conspiracy, equally so was that; and in the argument of that case, the counsel placed their right to sustain the action, on the specific ground, that case for conspiracy will lie, for conspiring with a debtor, to prevent a creditor from attaching such debtor's property, and thereby defraud him of his debt. SHEPLEY, J., remarked, "that where a fraudulent conveyance of "property is made for the purpose and with the intent to defraud "creditors, an action on the case cannot be sustained to recover

" damages for that cause, by one of the creditors, against the parties " to such fraudulent conveyance ;" and upon the averment that the defendants " *corruptly combined and conspired together for that* "*purpose,*" he remarked, that it was not essential in the case, for ." the denial of the plaintiff's right to maintain the action has not " arisen out of defective or insufficient averments, but out of the " insufficiency of the facts stated to enable him to maintain it ;" and in conclusion, the general doctrine is sustained, that the result would not be different upon the principles there stated, if the combination and conspiracy appeared in the case, as the plaintiff has received no personal injury peculiar to himself. The same rule and the same distinction was sustained in the case of *Lamb* v. *Stone,* 11 Pick. 526 ; the court there remarked, " that the declaration did "not contain a distinct averment of a conspiracy, but simply that " the defendant was a party to a fraudulent purchase of property, " to prevent the plaintiff as creditor from securing his debt." The court remarked, " that it will be perceived that their reasoning in " the case would apply to such an action, as well as the one before " them, and in either case the action could not be sustained." From these authorities, we think this action cannot be *supported ;* for while the law provides a remedy for every injury, yet *forms of action,* new in principle and impression, are not to be favored, when an ample remedy can be had in established precedents. The observations of MORTON, J., in the case of *Lamb* v. *Stone,* before cited, have peculiar force and applicability ; " the party may have redress " by any of the forms of action now known and practised. It " would be unwise and unsafe to sanction an untried one, the prac- " tical operation of which cannot be fully foreseen. The court will " adopt a new remedy to prevent the failure of justice, or to enforce " the settled principles of law; but never, when justice can be " reached by any of the remedies already known to the law." We think, therefore, that an action in this form cannot be sustained, and that the judgment of the County Court must be affirmed.