Spear, J.
This court is called upon to determine but one question: Did the circuit court err in dismissing the appeal *363 of Chapman and Tracy ? If the parties had the right, in the court of common pleas, to demand a jury, then the case was not appealable; if they had no such right, then the case was appealable, and the appeal was improperly dismissed.
A jury trial may be demanded by either party of “issues of fact arising in actions for the recovery of money only.” (Section 5130, Revised Statutes.) If the pleadings in this action made a case for the recovery of money, and one in which a joint judgment might be rendered against the defendants, a jury could, of right, have been demanded. An examination of the pleadings will determine this question. What was the primary object sought? If it was a judgment for money against all the defendants, and the allegations of the answers did not change the character of the case attempted to be made, the mere fact that the petition contains allegations which seem to invoke some of the equity powers of the court, will not necessarily change the character of the action. The purpose of the pleader, even, does not control, but we must ascertain the scope and purpose of the proceeding. Under our rules of pleading the petition must contain a statement of the facts constituting the cause of action, and a demand of the relief to which the party supposes himself entitled. When we have ascertained the legal effect of the facts pleaded, the scope of the action is determined and the question disposed of. The pleader may have inserted allegations which are immaterial and unimportant. He may have asked for relief, to which, though he supposed himself entitled, he was not entitled. These errors, if such they are, in the absence of a motion to make definite, or to strike out, would not alter the legal effect of his pleading. Ladd v. James, 10 Ohio St. 437; Brundridge v. Goodlove, 30 Ohio St. 374.
A careful examination of the petition satisfies us that, giving to it the liberal construction which our practice requires, the gist of the action attempted to be appealed was a charge of fraudulent combination between the defendants, whereby plaintiffs were deceived as to the real terms of settlement of the pending case, and money, which belonged to plaintiffs, was wrongfully appropriated to the use of Miller for the bene *364 fit of himself, Chapman and Tracy. The plaintiffs had an equitable lien, by virtue of their contract with Miller, upon all moneys paid by the company to the extent of four-tenths, but the action idid not primarily seek to trace the fund as such and enforce a lien on that, or hold Chapman and Tracy as trustees, but rather to hold them all liable for money had and received by them to the use of plaintiffs. In other words, the claim of plaintiffs in substance was that the defendants Miller, Chapman and Tracy were wrongdoers; that they had, by a fraudulent combination, procured money which in fact, as to four-tenths of it, was the money of plaintiffs, and hence the defendants were jointly liable to plaintiffs for the amount. The receipt of money by Chapman from the source claimed, and the possession of checks, by Tracy from the same source, was admitted, and neither answer made a case different in kind from that made by the petition. Hence the simple question was whether or not this claim of the plaintiffs was true. If it was, the moment that the money in settlement of the case against the railway company passed into the hands of the defendants, four-tenths of it became the property of the plaintiffs, known by the recipients to be such, and any appropriation of it by Chapman and Tracy, or by Miller with their knowledge for their benefit, was a wrongful use of the plaintiffs’ part of the money, for which those defendants became liable to plaintiffs, and the remedy was a straight judgment against all of them.
This case is dissimilar in principle to Hall v. Eaton, 25 Vt. 458, cited by counsel for plaintiffs in error. There the defendant combined with the plaintiff’s debtor to conceal the latter’s property, and prevent the plaintiff, who was a general creditor and had no lien, from reaching it. The acts complained of were alike injurious to all the creditors of the debtor; the plaintiff had not been injured in any personal, individual right. The court held that plaintiff might have gone into a court of equity, or have charged defendant as trustee, but that he could not maintain an action on the case, and remarked that if the plaintiff had acquired a right to have the application of the property made in payment of his debt, to the exclusion of *365 other creditors, a different question would arise, and intimated that in such case an action on the case could be sustained. The equitable lien on the money given plaintiffs in the case at bar by the contract, gave them the right to have four-tenths of it applied in payment of their services, to the exclusion of all other creditors. Our case more resembles that of Adams v. Paige, 7 Pick. 542, where a third person fraudulently aided a debtor to conceal his property and cause it to be sold and proceeds applied on a fictitious judgment, and a creditor having obtained a subsequent lien on the same property, which he could not enforce because of prior attachments and of the insolvency of the debtor, it was held that action on the case would lie.
Neither the allegation as to the right of plaintiffs to a lien on the money itself, nor to have full discovery, from the defendants of each and all the facts touching the settlement, and the payment of the settlement money, nor the claim that they are entitled to have an account of the full amount due to them under the contract, can materially change the case. As to the first, if it could avail the plaintiffs at any time, it could not do so unless they first showed facts which would warrant a money judgment; the second Avas an entirely superfluous allegation save as to the ordinary mode of inquiry by interrogatories, and the allegations of fact did not make a case for an accounting in equity, nor were there contractual relations botAveen plaintiffs and any of the defendants save Miller, and it Avas the other defendants against whom the real relief Avas sought, Miller being insolvent. Suits for diseoATcry Avere, in equity practice, auxiliary proceedings, brought not to obtain any equitable remedy, nor to establish any equitable right, but to aid in maintaining a legal right, and in prosecuting actions pending, or to be brought, in a court of Iuav. If a party could not succeed Avithout the aid of facts Avitliin the personal knoAvlcge of his adversary, he might file his bill, setting forth all the facts Avithin his knoAvledge, and adding interrogatories which the other party Avas required to answer fully under- oath. No relief beyond the answer desired need be asked, and no decree made, and as soon as the ansAver Avas complete the function of *366 the equity court ordinarily was ended, but the answer so far as responsive, could be used by either party in the trial at law. yie will not be understood as meaning that it was not common for a court of equity, having taken cognizance of a case for one purpose, to retain it for all purposes, and award complete relief though the final remedy was of the kind which might be conferred by a court of law. Such result often followed where discovery was sought as an incident to equitable relief, covering the whole controversy. But where a court of law had ample power to award full relief, a court of equity ordinarly refused to take cognizance of the case, and there clearly is more conclusive reason for such refusal, in a case like the one at bar, under our present practice. All the aid which a suit for recovery would give is now given by our code in the case at law itself. The party may attach to his pleading interrogatories which, so far as pertinent, the other party is bound to answer, and those answers may be used by either party as evidence. He may also take the deposition of the opposite party, or put him on the stand as a witness at the trial. The doctrine and rules concerning the subject-matter of discovery established by courts of equity, are believed to be still in force and to control the same matters in the new procedure, but the bill of discovery, as a separate action, is practically obsolete in this state. And in a case like the present the matter of accounting is but another name for a discovery. It is not a case of mutual accounts, nor where there are circumstances of great complication, nor of a fiduciary relation existing, such as that of guardian, administrator, or director of a corporation, where a duty rests to render an account, nor is it a case of partnership. The single fact that an accounting would disclose, is: what was the exact amount paid by the railway company in settlement of the pending suit? and ample means, in the mode hereinbefore indicated, were at hand to ascertain that fact. Where an adequate remedy is given at law, resort to equity is not necessary,- and, as a general rule, cannot be had. Says Pomeroy in his work on Equity Jurisprudence, section 178: “Even when the cause of action, based upon a legal right, does involve or pre *367 sent, or is connected with, some particular feature or incident of the same kind as those over which the concurrent jurisdiction ordinarily extends, such as fraud, accounting, and the like, still, if the legal remedy by action and pecuniary judgment for debt or damages would be complete, sufficient and certain— that is, would do full justice to the litigant parties — in the particular case, the concurrent jurisdiction of equity does not extend to such case. For example, whenever an action at law will furnish an adequate remedy, equity does not assume jurisdiction because an accounting is demanded or needed; nor because the case involves or arises from fraud; nor because a contribution is sought from persons jointly indebted; nor even to recover money held in trust, where an action for money had and received will lie.” See, also, sections 82, 83, 142, 193, 194, 1420 and. 1421.
It is true that the prayer of the petition is involved and indefinite, but it can hardly be said that it does not pray a money judgment, though it does not ask for any particular sum of money. It does ask for judgment for four-tenths of any and all moneys paid on account of the. settlement of the case. But the character of the action is not wholly, or mainly, determined by the prayer. Though the pleader be mistaken as to the relief he may be entitled to, if he prove the allegations of his petition, such mistake would not deprive the court of the power or relieve it of the duty to grant such relief as the case made by the pleadings and evidence warrants. Nor is it of consequence that a judgment by default might not have been proper upon the petition. The issues were fully made by petition, answers and replies, and the case was tried upon evidence. The trial court rendered a money judgment against the defendants, which was the relief the plaintiffs were entitled to if their petition was true. Nor can the belief of the plaintiffs at the time as to their right to a jury affect the merits of the case.
We have examined all the cases cited by counsel for plaintiffs in error, but are not impressed that they support their contention.
*368 From this view of the character of the case made by the pleadings, the conclusion follows that either party had a right to demand a jury at the trial, and the ease was, therefore, not appealable.

Judgment affirmed.