R. S. NEWMAN *v.* MARTIN C. GARFIELD.

Special Term at St. Johnsbury, April, 1918.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 19, 1918.

*Statutes—Statutes in Pari Materia—Construction—Particular Words—Current Construction—Fraudulent Conveyances— Bulk Sales Act—G. L. 6013—"Fraudulent and Void"— Bulk Sales—Rights of Creditors—Remedies.*

Statutes in *pari materia* are to be construed with reference to each other as parts of one system.

When in a later act, on the same general subject, the Legislature makes use of a particular word or form of words which the courts have

construed, it is to be presumed, in the absence of anything to the contrary, that it used such words in the sense attributed to them by such construction.

Under G. L. 6013, providing that the sale in bulk of a part or the whole of a stock of merchandise "shall be fraudulent and void as against the creditors of the seller," bulk sales are constructively fraudulent and voidable at the instance of creditors, and as between the parties the transaction is final and binding, with title passing to the purchaser.

The creditor of a person who has sold his goods in violation of the Bulk Sales Law, may hold the purchaser as trustee, under G. L. 2002, or proceed under G. L. 6894, which provides that the parties to a fraudulent transfer of goods shall forfeit the value of the same, or have his remedy in equity; but he cannot attach the goods in a suit against the debtor, and sell them on execution, because that gives the purchaser no hearing as to whether he had complied with the law.

ACTION OF TROVER to recover the value of certain goods, and a count in trespass *quare clausum* for breaking and entering plaintiff's store, and there selling and carrying away the same goods. Plea, the general issue, and notice of special matter in justification that defendant, as deputy sheriff, sold the goods on an execution against one M. H. Lewis, and that the goods were the property of said Lewis. Trial by jury at the June Term, 1917, Caledonia County, *Fish,* J., presiding. The jury returned a general verdict for the plaintiff to recover $343.75, and returned a special verdict that the value of the goods sold by the defendant was $817.75. Judgment on the general verdict. Both parties excepted. The opinion states the case.

*Elisha May* and *W. W. Reirden* for the plaintiff.
*Frank D. Thompson* and *Portor, Witters & Harvey* for the defendant.

The provisions of the statute refer to all creditors of the vendor, and to comply with the same, the purchaser must demand and receive a sworn list of all the vendor's creditors, or a sworn statement that there are no creditors. *International Shirt & Collar Co.* v. *Windham,* 165 Mich. 648, 131 N. W. 102; *Joplin*

*Supply Co.* v. *Smith*, 182 Mo. App. 212, 167 S. W. 649; *Friedman* v. *Branner*, 72 Wash. 338, 130 Pac. 360.

POWERS, J. M. H. Lewis was a merchant at West Burke. On July 7, 1916, in good faith and for an adequate price, he sold his stock of goods to this plaintiff, who paid for and took possession of the same, and continued the business in the same store which he rented of Lewis for that purpose. At the time of this transaction Lewis owed the Haskell-Armstrong Company, of Portland, Me., an unpaid bill for merchandise, and that concern brought suit against him and attached the goods in the plaintiff's possession, and having obtained judgment therein, took out an execution and sold a part of these goods to satisfy the same. The defendant is the deputy sheriff who did the business for the Haskell-Armstrong Company, and the action is tort for the conversion of the goods. The defence is predicated upon a non-compliance by Lewis and the plaintiff with the terms of the "Bulk Sales Law" (P. S. 5010 [G. L. 6013]).

By that statute it is provided that the sales in bulk of a part or the whole of a stock of merchandise "shall be fraudulent and void as against the creditors of the seller," unless certain things are done by the parties to the sale.

The first important question in the case is as to the true meaning of the terms "fraudulent and void" as here used. Notwithstanding these positive terms, as was said by Judge Poland in *Woodcock* v. *Bolster*, 35 Vt. 632, in many cases where statutes use the word "void" it is construed to mean "voidable."

Thus in *Merrill* v. *Englesby*, 28 Vt. 150, this Court had under consideration a statute providing that general assignments should be "null and void as against creditors of said debtors"; and it was held that such assignments were voidable at the instance of creditors. And in the recent case of *Tudor* v. *Tudor*, 80 Vt. 220, 67 Atl. 539, 130 Am. St. Rep. 977, this Court had under consideration P. S. 5782 (G. L. 6893), which provides that fraudulent conveyances of houses and lands, or of goods and chattels shall be, as to the party defrauded, "null and void." Upon full consideration and discussion, it was held that by proper construction the statute made such conveyance voidable merely.

Here, then, is the construction of a statute sufficiently cognate to be in *pari materia;* and it is the established rule that such statutes are to be construed with reference to each other, as

parts of one system. *Isham* v. *Bennington Iron Co.*, 19 Vt. 230; *State* v. *C. V. Ry. Co.*, 81 Vt. 463, 71 Atl. 194, 130 Am. St. Rep. 1065. This rule necessarily involves recourse to the construction of such statutes by the courts. Endlich, Interp. par. 367.

So it is that, when in a later act, on the same general subject, the Legislature makes use of a particular word or form of words which the courts have construed, it is to be presumed, in the absence of anything to the contrary, that it used such words in the sense attributed to them by such construction. *Whitcomb* v. *Rood*, 20 Vt. 49.

We have no hesitation, therefore, in holding that this statute really means that bulk sales are constructively fraudulent and voidable at the instance of creditors, and that as between the parties the transaction is final and binding, with title passing to the purchaser, where it remains until divested by proceedings instituted by a creditor for that purpose.

This view of the statute is approved in *McGreenery* v. *Murphy,* 76 N. H. 338, 82 Atl. 720, 39 L. R. A. (N. S.) 374; *Kelley-Buckley Co.* v. *Cohen,* 195 Mass. 585, 81 N. E. 297, and *Rothchild Bros.* v. *Trewella,* 36 Wash. 679, 79 Pac. 480, 68 L. R. A. 281, 104 Am. St. Rep. 973.

The next question of importance relates to the remedy available to the creditor. On this subject the statute in question is silent. It must be taken, therefore, that it was the intent of the Legislature that the creditor should resort to such remedy or remedies as the law then provided in similar cases. Here, again, reference may be had to the statutes on the same or analogous subjects and the remedies therein provided. Thus consistency and harmony throughout a particular topic of the law will be secured. While this statute establishes a new and drastic restraint upon the free disposition of a certain class of property, in essence it is nothing more than a further extension of the general scheme of preventing fraudulent conveyances. So in our search for the proper remedy we look to the law of that subject.

P. S. 1723 (G. L. 2002) provides that a person who holds goods under a title void as to creditors may be held as a trustee thereof, though the defendant could not maintain a suit against him. Here, then, is a plain and convenient remedy; one that provides for an action to which all interested are parties, and in which all questions may be litigated. In ordinary circumstances, at least, it would be complete and adequate. P. S. 5782 (G. L.

6893), as we have seen, refers to fraudulent conveyances of goods and chattels, and P. S. 5783 (G. L. 6894) provides that the parties to such fraudulent transfer shall forfeit the value of such goods and chattels; recovery to be had in an action on the statute and one-half the recovery to go to the party aggrieved and one-half to the county. Then, too, there is the long recognized jurisdiction in equity, available at least in cases wherein the above remedies might be inadequate. This is the remedy expressly provided by P. S. 2204 (G. L. 2482) for cases where real estate has been conveyed in fraud of creditors. In such cases the creditor obtains and levies his execution upon the land in question, and then proceeds in chancery for the satisfaction of the same. No good reason is suggested why a remedy in chancery should not be available in cases like this, and free use seems to be made of it under bulk sales statutes in other jurisdictions. *Squire* v. *Tellier,* 185 Mass. 18, 69 N. E. 312, 102 Am. St. Rep. 322; *Wheeler & M. Mercantile Co.* v. *Moon,* 49 Mont. 307, 141 Pac. 665; *Scheve* v. *Vanderkolk,* 97 Neb. 204, 149 N. W. 401; *Daly* v. *Sumpter Drug Co.,* 127 Tenn. 412, 155 S. W. 167, Ann. Cas. 1914 B, 1101.

We are aware that the procedure followed by this defendant has been approved in several of the states having statutes on the subject of bulk sales much like ours. But in view of the remedies available here, we cannot hold that such procedure was lawful. It gave the plaintiff no opportunity to test any of the questions affecting his title. He could not even show that the terms of the statute had been complied with. His only remedy for an unlawful seizure and sale was by a new and independent proceeding. It is not a sufficient answer to say that the title had not passed to him as against the creditor. It had passed subject to the right to vacate it. And to say that it had not passed on account of a noncompliance with the statute is to assume a fundamental fact that had never been judicially established. It is wholly unnecessary to support the defendant's action in order to protect the creditor. As we have seen, his rights are otherwise protected. And it is to be assumed that the Legislature intended to interfere with the right of contract only so far as was necessary for the creditor's protection.

Nor are we unmindful of the fact that in cases of actual fraud (*Hall* v. *Eaton,* 25 Vt. 458), and even in cases of so-called fraud in law (*Mills* v. *Warner,* 19 Vt. 609, 47 Am. Dec. 711;

*Weeks* v. *Prescott,* 53 Vt. 57), we have allowed the creditor to proceed by attachment and sale. But we do not think the rule should be extended, even if its soundness is admitted.

These views are conclusive of the rights of the parties so far as these proceedings are concerned, and the other questions discussed by counsel need not be considered.

*Judgment reversed, and judgment for the plaintiff for the sum of $817.75, with interest thereon from February, 17, 1917, and his costs.*