No. 26,052.

THE STATE OF KANSAS, *Appellant,* v. MOLLIE JEFFRIES, *Appellee.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Right of Accused to Obtain Inspection of Books, Papers and Documents in the Hands of the State—Construction of Statute.* A provision of the civil code (R. S. 60-2850) relating to obtaining an inspection of books, papers and documents which are to be used in evidence, has not been adopted and made applicable to trials in criminal cases by virtue of the provisions of R. S. 62-1413, and the court has not the power to enforce a demand for the inspection of letters in the custody of the county attorney which he designs to use in the prosecution of the defendant.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed February 7, 1925. Reversed.

*C. B. Griffith,* attorney-general, and *A. B. Mitchell,* county attorney, for the appellant.

*C. A. Smart,* and *Tom Harley,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The state has appealed from an order requiring the county attorney to turn over to counsel for the defendant for inspection or an opportunity to obtain copies of all letters written by defendant to her husband and also to one John Botts, which are in the possession of the county attorney and which he intends to use in evidence on the trial of defendant, who is charged with the murder of her husband.

The defendant contends that the order is warranted by R. S. 60-2850, a provision of the civil code authorizing an inspection or permission to take copies of books, papers or documents that are in the possession of an adverse party, and that if such adverse party fails to comply with an order of the court in this respect the court may exclude the book, paper or document from being given in evi-

dence. The theory of the defendant is that this section of civil procedure is made applicable in criminal cases by the provision of the criminal code which provides:

"The provisions of law in civil cases relative to compelling the attendance and testimony of witnesses, their examination, the administration of oaths and affirmations, and proceedings as for contempt, to enforce the remedies and protect the rights of parties, shall extend to criminal cases so far as they are in their nature applicable thereto, subject to the provisions contained in any statute." (R. S. 62-1413.)

Unless the quoted provision is broad enough to adopt and make the rule of procedure civil as to the inspection of papers and documents a part of the criminal code, or applicable to it, the demand of the defendant was not an enforceable one. The legislature may of course enact legislation by reference, and has sufficient authority to make a provision of the civil code applicable in criminal cases. While separate codes are provided for civil and criminal cases, the legislature has provided that in a number of instances the provisions of the civil code are borrowed and made applicable to criminal cases, of which the granting of continuances and also the procedure in obtaining new trial are illustrations. (R. S. 62-1413; *The State v. Wellman,* 102 Kan. 503, 170 Pac. 1052.)

Counsel for the state insist that the adoption section, R. S. 62-1413, is so restricted in its terms as to exclude the right to inspection as given in R. S. 60-2850. The adoption section specifically provides that the provision in civil procedure shall apply to compelling the attendance and testimony of witnesses, their examination, including the administration of oaths and affirmations and to proceedings as for contempt, to enforce the remedies and protect the rights of parties so far as they are applicable to criminal proceedings. Does this enumeration of subjects and occasions for the application of the rule of civil procedure include the obtaining of an inspection and copies of books, papers and documents? The court is of opinion that the adoption section does not cover or include the provision of the civil code relating to inspection. It is a general rule that the specification of certain procedural steps carries the implication that all others are excluded. The legislature has said that the civil provisions relating to the attedance, examination and testimony of witnesses are applicable in criminal cases, and this raises the presumption that no other kinds of evidence such as books, papers and documents, or steps for the inspection or production of the same, were

within the intention of the legislature. The proceedings for contempt mentioned in the adoption section do not cover the matter of inspection. The view of the court is that the clause, "to enforce the remedies and protect the rights of parties," has reference to the antecedent phrase relating to proceedings for contempt. Transposing it the legislature has in effect said that the rule of civil procedure shall be extended and applied to contempt proceedings brought to enforce the remedies and protect the rights of parties in criminal cases. The enumerated instances in the adoption statute, it is held, excludes all unspecified instances, and since there is no right for an inspection of the letters in question except by virtue of express authorization by the legislature, and since none has been granted in the criminal code, either directly or by reference to the civil code, there was no power in the court to make the order requiring the county attorney to turn over the letters for inspection, and the order is therefore reversed.

JOHNSTON, C. J. (dissenting): In my view, too narrow an interpretation has been placed upon the adoption provision of the criminal code. In the first place, the clause making the law of civil cases applicable to witnesses and testimony is broad enough I think to cover the inspection or procuring of copies of papers or documents designed to be used as evidence. Such papers or documents can only be brought into the case through the testimony of witnesses by way of identification. By a liberal interpretation they may be regarded as testimony, and to include any reasonable step in obtaining testimony. Again, the legislature attempted to broaden the scope of the adoption section where it provided that the law of civil cases may be used "to enforce the remedies and protect the rights of parties," so far as the provisions are applicable to criminal cases and not in conflict with other statutes. The civil procedure is made applicable to a proceeding for contempt, and the succeeding clause it appears to me may be regarded not as a qualification of the preceding clause, relating to contempts, but as a distinct and more inclusive provision. The structure and punctuation of the section indicates that the clause is independent of the preceding one. Punctuation of a statute is not controlling and is of little importance in the interpretation of a statute where it would lead to a result contrary to the manifest intention of the legislature, but while not a decisive test it may be regarded as one indicative of the meaning of

The State v. Jeffries.

the section which was to enable parties to properly prepare for a trial. The contemporaneous construction of a statute acquiesced in for a long time and the one placed on it by the courts is entitled to consideration. The statute in its present form has been in existence since its enactment in 1855. (Compiled Laws 1855, ch. 129, art. 6, § 16.) In *The State v. Hodges,* 45 Kan. 389, 26 Pac. 676, the provision was considered by the court, and although not directly involved nor necessary to the decision of the case, the court interpreted the provision and expressly stated that if books, records and papers were in the custody of the prosecuting attorney, the remedy of the defendants to obtain an inspection or copy of them could be procured under the section we are construing. As late as 1910, and in *The State v. Hinkley,* 81 Kan. 838, 106 Pac. 1088, where a demand had been made to inspect and take a copy of testimony given in a coroner's inquest, the transcript of which was in the possession of the county attorney, it was said that under the adoption section the civil procedure relating to such inspection was applicable to trials in criminal cases. Apart from the statutory requirement, it was held that in common fairness the defendant should have been permitted before going to trial to inspect the transcript of that testimony. It was added:

"It is doubtful if any excuse can be urged for depriving him of the right to inspect such a record, unless it be founded in the mistaken notion of the rights of a person accused of crime and the relations which the state bears towards such a person. The state is never interested in the conviction of an innocent person, but, on the contrary, is interested in his acquittal. . . . Unless he has good reason to believe that the accused is innocent the prosecuting attorney must use his best efforts to convict; but he should refrain from doing anything unfair or prejudicial to the rights of the accused to a fair trial. The prosecutor's duty to the state does not require him to withhold evidence which the accused in justice is entitled to the benefit of, nor justify him in treating the accused unfairly in the argument or in remarks made in the presence of the jury." (p. 847.)

If it may be said that the statute is ambiguous, recourse I think may be had to the interpretation given to it by the courts and which has been accepted from the beginning by the profession, and although not controlling it is strong evidence of the sense in which the words were used and are to be received.

In my view the order of the trial court should be affirmed.

HARVEY, J., concurs in this dissent.