### State of Vermont v. Irene S. Fox

[ 169 A.2d 356 ]

January Term, 1961

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed March 1, 1961

*Margaret E. Lillie,* State's Attorney, for the State.

*Jones, Ehrich & Dollard* for the respondent.

**Holden, J.** The respondent Irene S. Fox has entered a plea of not guilty in the Bennington Municipal Court to an information there filed, charging her with the offense of operating a motor vehicle while under the influence of intoxicating liquor. Before trial the respondent requested the court to order the State to produce and permit inspection and copy of an accident report on file with the Department of Public Safety. It appears from the affidavit which accompanies the motion that the accident which is the subject of the requested report prompted the present criminal proceeding. The report was prepared and filed by the state police officer who investigated the accident. It is said to record what the officer then observed and to form the basis of such testimony as he may give at the trial. The motion to compel produc-

tion was denied. The trial court granted permission to the respondent to appeal before final judgment as provided in 12 V.S.A. §2386.

The record certified discloses that the respondent had previously sought to obtain a photostatic copy of the accident report from the Department of Public Safety under the provisions of 20 V.S.A. §1815. Apparently the request was denied but whether the report was properly withheld under this statute has not been made an issue of this appeal.

Furthermore, the respondent is well aware of her right to invoke the court's discretion to examine the report at the trial under the recent holding in *State* v. *Lavallee,* 122 Vt. 75, 80, 156 A.2d 856, 859. But production is sought in advance of trial. Her request to this end places determinant reliance on the discovery procedure provided in ·12 V.S.A. §1262. The single question, then, is whether this statute furnishes authority to the court in a criminal action to order production, inspection and photographing of documents or other things in the possession of the State, prior to trial.

The statute provides:

Upon motion of any party showing good cause therefor and upon notice to all other parties and the person having custody, possession or control, the court in which an action is pending may: (1) order any person to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which are in his possession, custody or control; and which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by sections 1232 and 1261 of this title, and (2) order any person to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon for any purpose within the scope of examination permitted by sections 1232 and 1261 of this title. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just. 12 V.S.A. §1262 (1959 Cum'l Pocket Supp.).

This statute came into our judicial procedure as section 36 of No. 261 of the Acts of 1959. The reference in the context to section 1232 "of this title" is to an earlier provision of Title 12 which originated in the 1957 enactment relating to the scope of inquiry on discovery by deposition. 1957, No. 217, §35.

It was in this way that the original discovery procedure by pre-trial deposition, enacted in 1957, was enlarged to include discovery by production and inspection. The amendment was accomplished as a part of the comprehensive procedural revision of 1959.

The earlier legislation of 1957, relating to depositions, was before this Court in *Reed* v. *Allen,* 121 Vt. 202, 153 A.2d 74, 73 A.L.R.2d 1161. The question presented was akin to the issue here; namely, whether the procedure for pre-trial depositions applied to criminal proceedings. The Court held that it was not the intention of the legislature to extend the discovery process by deposition to criminal causes. *Reed v. Allen, supra,* 121 Vt. at 205 and 208.

The respondent contends the decision in *Reed* v. *Allen* does not control the disposition of her motion and assigns two reasons. First, it is pointed out that this decision involved construction of the Acts of 1957, whereas her request is based upon the Acts of 1959. Secondly, it is urged that an expansive construction was rejected in the Reed case because of the "radical upheaval" which the Court felt might result while the construction advanced for the later enactment involves no such consequences. The contention is that the production and inspection procedure, being under the control of the trial judge, will adequately protect the interests of the State, and those of the respondent will be better served by extending the process to the criminal courts.

The argument is not new and the battle lines have been closely drawn. The outcome must turn on whether the statute has indeed confided a new power of inspection before trial in criminal causes, which, up to now, has been withheld. See *People ex rel. Lemon* v. *Supreme Court,* 245 N.Y. 24, 156 N.E. 84, 52 A.L.R. 200, 205 (opinion by Cardozo, Ch. J.) ; 6 Wigmore, Evidence, 3rd Ed. §§1859g, 1863, pp. 475,487. The intention of the legislature in this regard constitutes the law. *Coral Gables, Inc.* v. *Christopher,* 108 Vt. 414, 418, 189 A. 147, 109 A.L.R. 474 ; *Smith & Son, Inc.* v. *Town of Hartford,* 109 Vt. 326, 330, 196 A. 281 ; *State Highway Board* v. *Gates,* 110 Vt. 67, 73, 1 A.2d 825 ; *Conn* v. *Town of Brattleboro,* 120 Vt. 315, 320, 140

A.2d·6. The master rule of statutory construction is that the courts shall find the legislative purpose and give it effect. *Simonds* v. *Estate of Powers*, 28 Vt. 354, 355; *Davidson* v. *Davidson*, 111 Vt. 24, 27, 9 A.2d 114; *Reed* v. *Allen, supra*, 121 Vt. at 206.

The respondent would find a broader legislative purpose in the statutory procedure for production and inspection of documents than prevailed in the enactment of the procedure for taking depositions before trial. It is argued that the two enabling statutes are not *in pari materia*.

Although the products of two different sessions of the General Assembly, the two procedures have a common parenthood in the Federal Rules of Civil Procedure. The source of the 1957 act for taking depositions is Rule 26; the source of the production and inspection provisions of 1959 is Rule 34. Both enactments relate to the discovery of relevant evidence with the object of narrowing the issues, eliminating strategic surprise and aiding the parties in the interrogation of witnesses at the trial. Barron and Holtzoff, Federal Practice and Procedure, Rules Ed. Vol. 2 §§641, 791, pp. 263, 484.

█ In our practice, the earlier enactment of deposition procedure was brought forward and incorporated into the production and inspection provisions by amendment and cross-reference. Clearly, the two statutes are sufficiently cognate to be *in pari materia*. And when so related, both enactments must be construed with reference to each other as parts of one system. *Isham, Admr.* v. *Bennington Iron Co.*, 19 Vt. 230, 247; *State* v. *Central Vermont Railroad Co.*, 81 Vt. 463, 466, 71 A. 194, 81 Am. St. Rep. 1065; *Newman* v. *Garfield*, 93 Vt. 16, 18, 104 A. 881, 5 A.L.R. 1507.

The words "any party to an action" were the source of the ambiguity in Section 1, No. 217 of the Acts of 1957. The uncertainty was resolved by the decision in *Reed* v. *Allen, supra*, 121 Vt. at 205, 208. The same words, differently arranged in section 36, No. 261 of the Acts of 1959 (12 V.S.A. §1262) have developed the present controversy. We presume that the legislature, in again dealing with the subject of pre-trial discovery, employed these same words with a like purpose in the latter enactment unless there is something in the full text of the 1959 act which imparts a different intention.

The complete reading of No. 261 of 1959 fails to disclose any language or provision capable of justifying the application of its dis-

covery procedure to criminal causes. The inference from the entire act is opposed to such an extension.

■ The 1959 enactment is composed of numerous sections. Some are amendatory of earlier procedural statutes that might be applicable to criminal procedure. The majority are new and undeniably restricted in context to civil causes. Specific reference to criminal actions or words of similar connotation is confined to those sections which deal with appellate procedure. There is no reference to criminal procedure in 12 V.S.A. §1262 or its related provision, and §1262 is not concerned with appeals. As to this section, the omission, by contrast, enforces the inference that application is limited to civil actions. *In re Downer's Estate,* 101 Vt. 167, 177, 142 A. 78; *Ford* v. *United States,* 273 U. S. 593, 611, 47 S.Ct. 531, 71 L.Ed. 793, 801. The courts are not at liberty to supply that which the law makers have advertently omitted. *Shea* v. *Pilette,* 108 Vt. 446, 450, 189 A. 154, 109 A.L.R. 933; 82 C.J.S. Statutes, §328, p. 635; 50 Am. Jur. Statutes §234, p. 221.

It is argued that there is no sound reason why the legislature would make provision for the fullest discovery in civil actions and withhold the remedy in criminal prosecutions. It is suggested that the intention of the legislature is better served by expanding the operation of 12 V.S.A. §1262 to criminal causes. The same considerations attended the deliberations of the advisory committee in the adoption of the Federal Rules of Criminal Procedure and was particularly avoided. Barron, Federal Practice and Procedure, Rules Ed. Vol. 4, §2031, p. 125.

The broad construction sought by the respondent may be desirable, but this is not the controlling factor. It is not the function of the courts to expand the intention of the legislature beyond the terms of the act itself. *Coral Gables, Inc.* v. *Christopher, supra,* 108 Vt. at 420.

■ We conclude that the provisions of 12 V.S.A. §1262 do not extend to criminal proceedings. Since the respondent's motion was based exclusively on this statute, the motion was properly denied.

*Order affirmed and cause remanded.*