The STATE of Utah, Plaintiff and Respondent,

v.

Glenn G. NIELSEN, Defendant and Appellant.

No. 13519.

Supreme Court of Utah.

May 30, 1974.

Richard J. Maughan, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, Burton H. Harris, Cache County Atty., Logan, for plaintiff-respondent.

TUCKETT, Justice:

The State commenced these proceedings in the district court seeking a declaration by the court as to whether or not the defendant was entitled to pursue the Utah Rules of Civil Procedure relating to discovery and particularly the claimed right of the defendant to take depositions of various witnesses.

The defendant Glenn G. Nielsen was charged with two criminal offenses, one being for the misuse of public funds, a felony under the provisions of Section 76–8–404, U.C.A.1953, as amended, and with using his position as a member of a Board of Commissioners of Logan City to secure privileges or exemptions which is a misdemeanor under the provisions of Section 67–16–4, U.C.A.1953. In the criminal proceedings the defendant served notice of his intention to take the depositions of various prospective witnesses and in connection therewith caused a subpoena duces tecum to be served requiring witnesses to produce pertinent information, memoranda, notes, documents, writings, and data compilations, relating to the criminal offenses charged in the complaints and in possession of the witnesses.

The defendant claims the right to take the depositions and for the production of the materials by reason of Rule 81(e), Utah Rules of Civil Procedure which provides as follows:

Application in criminal proceedings. These rules of procedure shall also govern in any aspect of criminal proceedings where there is no other applicable statute or rule, provided, that any rule so

applied does not conflict with any statutory or constitutional requirement.

The taking of depositions in criminal cases is governed by two statutes hereinafter set forth:

77–46–1, U.C.A.1953. When a defendant has been held to answer a charge for a public offense he may, either before or after an indictment or information, have witnesses examined conditionally on his behalf as prescribed in this chapter, and not *otherwise*. [Emphasis added]

77–46–2, U.C.A1953. When a material witness for the defendant is about to leave the state, or is so ill or infirm as to afford reasonable grounds for apprehending that he will be unable to attend the trial, the defendant may apply for an order that the witness be examined conditionally.

It appears that the wording of the statutes above set forth makes Rule 81(e) inapplicable and that the Rules of Civil Procedure pertaining to discovery may not be used in criminal cases.

■ It is also noted that the language of Rule 30(a), U.R.C.P., is so broad in scope that its application to criminal cases would present grave constitutional problems. Under the rule "any party may take the testimony of any person, including a party, by deposition upon oral examination." If the rule were applied in accordance with its terms a deposition of a defendant might be taken and in cases involving multiple defendants the door would be open for attempts by one defendant to take the deposition of co-defendants. An attempt to take a deposition of a defendant would violate his right against self-incrimination and his right to remain silent as provided for by Article I, Section 12 of Utah Constitution. The majority rule is

to the effect that neither statutes nor rules of civil procedure providing for discovery or the inspection of evidence in the possession of an adverse party will be made applicable to criminal cases.[1]

■ We are of the opinion that until such time as the statutes above referred to are modified or repealed by the legislature this court would be without power to provide for discovery proceedings by court rule. The defendant calls our attention to Rule 25 adopted by the Uniform Rules of Criminal Procedure Advisory Committee. While the adoption of such a rule may promote the ends of justice, nevertheless until the barrier of the statutes is removed the power of the court to adopt such a rule is without a sound basis.

The judgment of the court below is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, J., concur.

ELLETT, Justice (dissenting).

I respectfully dissent.

This defendant does not seek to take a deposition for use at trial. If he did so, then the prevailing opinion would be correct. What he wishes to do is to make discovery before trial in order to be able to present his defense to the charge against him. Since the statutes do not provide for this procedure, there is no conflict between Rule 81(e) of the Rules of Civil Procedure and the statute.

The state has by statute[1] allowed total discovery to the prosecuting attorney, and it would seem to be in the interest of justice to permit an innocent man[2] who is accused of crime also the privilege to make discovery and not wait until trial to find

---

1. Redmond v. City Court of Salt Lake City, 17 Utah 2d 95, 404 P.2d 964; State v. Lack, 118 Utah 128, 221 P.2d 852; State v. Jeffries, 117 Kan. 742, 232 P. 873; Hameyer v. State of Nebraska, 148 Neb. 798, 29 N.W.2d 458; State v. District Court in and for Delaware County, 253 Iowa 903, 114 N.W.2d 317; State v. Fox, 122 Vt. 251, 169 A.2d 356;

People v. Abbatiello, 46 Misc.2d 148, 259 N.Y.S.2d 203.

1. Title 77, Chapter 45, U.C.A.1953 as amended (1973 Pocket Supplement).

2. All men are presumed to be innocent until proved guilty beyond a reasonable doubt.

out what evidence he will need to meet in order to prove his innocence.

The right afforded in civil cases has not led to abuses or increased the use of perjured testimony, and I do not think the application of the right to criminal cases would be different.

I would reverse the judgment rendered below.

CROCKETT, Justice (dissenting).

It is not to be gainsaid that the amendatory Rule 81(e), U.R.C.P.,[1] which was purposed to make the Civil Rules of Procedure applicable in criminal matters, except where otherwise provided by law, has created a problem. That rule provides:

Application in criminal proceedings. These rules of procedure shall also govern in any aspect of criminal proceedings *where there is no other applicable statute* or rule, provided, that any rule so applied *does not conflict with any statutory* or constitutional requirement.

The dispute is this: The defendant argues that his proposal to take depositions for discovery purposes is neither covered by nor in conflict with any "other applicable statute or rule"; whereas the county attorney contends to the contrary.

The emphasized portions of the statutes relied upon by the county attorney as being the "other applicable statutes" should be carefully noted:

Section 77–46–1, U.C.A.1953. On behalf of defendant charged with offense or malfeasance in office—Of witnesses within state.—When a defendant has been held to answer a charge for a public offense or malfeasance in office *he may,* either before or after an indictment or information, *have witnesses examined* conditionally on his behalf *as prescribed in this chapter, and not otherwise.*

Section 77–46–2, U.C.A.1953. Application for examination.—When a material witness for the defendant is *about to leave the state, or is so ill or infirm* as

to afford reasonable grounds for apprehending that he will be unable to attend the trial, the defendant may apply for an order that the witness be examined conditionally.

It is submitted that if these sections are looked at together, as they should be, it will be seen that they clearly and unequivocally apply *only* to special situations for the taking and perpetuation of the testimony of witnesses where there is "reasonable grounds for apprehending" that they will *not be able to attend the trial;* and, moreover, it appears with equal clarity and certainty, that *they do not apply to any other circumstances;* more especially they do not apply to the taking of depositions for discovery as proposed by defendant here.

It is of the utmost importance to note that the statutes referred to above are not a prohibition, but on the contrary, are an *authorization,* to take depositions *only* under certain exigent circumstances. Section 77–46–1 provides that the defendant *may* have witnesses examined is "as prescribed *in this chapter* [46], and not otherwise." The following section, 77–46–2, deals with when the examination of a witness *may* be made, that is, "when a material witness for the defendant *is about to leave the state,* or is so *ill or infirm* . . . that he will be unable to attend the trial . . ." Moreover, a subsequent section in that chapter, 77–46–7, provides that if at the time designated "it is shown to the satisfaction of the magistrate, . . . that he [the witness] is *not* ill or infirm, . . ." the examination shall not take place. It is also significant that the next chapter, 47, sections 77–47–1 and 2, for a similar purpose authorize the taking of testimony of a nonresident witness.

Consequently it seems to me inescapably clear that these statutes, which authorize the taking of testimony, *only* where there is a likelihood that the witness will be unable to attend the trial, "and not otherwise" cannot reasonably be deemed to cover the taking of depositions under any oth-

1. Adopted effective Jan. 20, 1972.

er circumstances, such as discovery depositions authorized by Rule 30, U.R.C.P.[2]

While it thus seems clear to me that the statutes referred to deal only with the special circumstance where a witness will be unavailable at trial, and that the newly adopted Rule 81(e) opens application of all other procedure, including discovery depositions, to be applied in criminal cases, if it be supposed that there exists some ambivalence in the situation, it then becomes both desirable and permissible to invoke principles of statutory construction, combined with the policy considerations, to determine the correct solution to the problem.[3]

The interaction of these provisions should therefore be considered in the light of the time-honored and fundamental rule: that when one is charged with a crime he should not be subjected to unfavorable rigidities in the interpretation of the law but he should be entitled to have it applied in the light most favorable to his interests.[4] Consistent with this, it would seem that if a man is entitled to the advantages of the deposition and discovery procedure in a civil case involving money or property, he ought, a fortiori, to have it in a criminal one where the even more precious things of liberty and reputation are at stake.[5]

Allowing depositions in this and other criminal proceedings would be consistent with the spirit of Rule 81(e); with the national trend;[6] and would correlate our criminal procedures with our new Criminal Code's policy against arbitrary or oppressive treatment of accused persons.[7]

Fears have been expressed that permitting the taking of depositions before trial in criminal cases will lead to abuses; and I readily acknowledge that in recent years there have been some abuses in criminal proceedings. The rejoinders to that charge are these: First, that the statutes and the rules are established; and it is the duty of the courts to see that both the defendant and the state are accorded the benefits, and are bound by the restrictions therein. Second, whether there will in fact be abuses is conjectural. They may well be more imagined than real;[8] and this apprehension cannot affect the meaning of the statutes anyway. Third, the trial court has control of the proceedings before it and can invoke its inherent powers to prevent any such abuses. Fourth, the courts also have control of making the rules of procedure, and can change them as necessary or desirable.[9] But this should be done in a regular and advised manner, and the existing rules should be neither distorted nor changed in an individual case.

The apprehension of "grave constitutional problems" suggested by the majority in allowing the defendant to take these depositions gives me no undue alarm. No one supposes that any procedural rule could deprive a person of his constitutional rights; and Rule 81(e) clearly so indicates.

2. Rule 30, U.R.C.P., provides: "(a) When depositions may be taken. After commencement of the action, any party may take the testimony *of any* person, including a party, by deposition upon oral examination . . . "

3. See 2A Sutherland, Statutory Construction, Sec. 58.06 (4th Ed. 1973).

4. See O'Day v. People, 114 Colo. 373, 166 P.2d 789; State v. Tapp, 26 Utah 2d 392, 490 P.2d 334; 21 Am.Jur.2d 544; and see 76–1–2, U.C.A.1953, now replaced by Sec. 76–1–106 of New Criminal Code effective July 1, 1973. Also see 2A Sutherland, Statutory Construction, Sec. 58.04.

5. See statements concerning the desirability of affording deposition procedure to one charged with a serious offense in State v. Geurts, 11 Utah 2d 345, 359 P.2d 12, particularly the emphasis placed thereon by Mr. Justice Henriod in his dissent.

6. It is of interest to note that this procedure is in accordance with Rule 25 of the Uniform Rules of Criminal Procedure prepared by the National Commissioners on Uniform Laws.

7. Sec. 76–1–104, U.C.A.1953 (Supp.1973).

8. See Langrock, Vermont's Experiment in Criminal Discovery, 53 A.B.A.J. 732, 733–34 (1967).

9. Sec. 78–2–4, U.C.A.1953.

Upon the basis of the discussion herein, I would allow the defendant to proceed with the taking of depositions as proposed, but subject to the control and supervision of the district court. [All emphasis added.]