STATE OF IOWA, petitioner, v. DISTRICT COURT OF IOWA in and for Delaware County, HONORABLE BLAIR C. WOOD, Judge, respondent.

No. 50544.

APRIL 3, 1962.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Wm. Stuart Charlton, County Attorney, for petitioner.

Swift & Swift, of Manchester, for respondent.

THOMPSON, J.—The defendant in a criminal case pending in the Delaware District Court made application to compel the State's witnesses, as listed on the county attorney's information charging the crime, to answer certain oral interrogatories to be propounded to them under the provisions of Division VII, particularly rules 140 to 148 inclusive, Iowa Rules of Civil Procedure. The witnesses appeared in answer to subpoenas, but on advice of the county attorney refused to answer. The respondent court, through the respondent presiding Judge, or-

dered them to answer, and the State brings certiorari, alleging the order was illegal and in excess of the jurisdiction of the court.

I. It is evident the defendant seeks to take the depositions of the State's witnesses for the purpose of discovery; and the controversy concerns his right so to do. The enabling act of the Rules of Civil Procedure, Code section 684.18, gives the supreme court the power to "prescribe all rules of pleading, practice and procedure * * * for all proceedings of a civil nature * * *". Prior to 1957 there was no discovery procedure in Iowa either by statute or rules. In that year, however, the supreme court adopted, and the legislature by failing to veto ratified, amendments to the former deposition procedures authorizing the taking of depositions for the purpose of discovery as well as for evidence. So far as material these rules are the present Rules of Civil Procedure numbers 140 to 148 inclusive. It is these rules the defendant and the respondent court think authorize the taking of depositions of the listed witnesses for the State for the purpose of discovery.

II. Two material principles are established by our decisions. In State v. Addison, 250 Iowa 712, 716, 95 N.W.2d 744, 747, we said: "Rules of Civil Procedure have no application to criminal cases unless a statute makes them applicable." We have also held that generally the Rules of Civil Procedure have the force and effect of statute law. Hubbard v. Marsh, 239 Iowa 472, 474, 32 N.W.2d 67, 68, and citations. The respondent contends that our rules governing discovery depositions apply to criminal cases, "because a statute makes them applicable".

III. Here the respondent cites and relies upon section 781.10, Code of 1958, which has been a part of our law since the Revision of 1860, there found as section 4960. We set out the statute herewith: "Depositions. A defendant in a criminal case, either after preliminary information, indictment, or information, may examine witnesses conditionally or on notice or commission, in the same manner and with like effect as in civil actions."

As has been pointed out, until 1957 we had no provision in our laws for discovery, either by interrogatories or depo-

sitions. Depositions until that time were for the purpose of procuring evidence. Section 781.10, supra, meant that depositions in criminal cases could be taken in "the same manner", which evidently meant by the same technical procedures, and "with like effect", which referred to their use as evidence, as in civil cases. The respondent held that it is section 781.10 which makes the discovery procedures applicable to criminal cases.

IV. Without doubt section 781.10 is a general reference statute. And it must be conceded that when a statute adopts the general law on a particular subject rather than a specific statute, it adopts not only the existing law but later legislation on the subject. 50 Am. Jur., Statutes, section 39, page 59; 82 C. J. S., Statutes, section 370, page 848. If this were all that appears we should be compelled to say that the amendments to the deposition statutes of 1957 make the discovery procedures applicable to criminal cases.

But there is an exception to the general rule stated above. As in all cases of statutory construction we must search for the intent of the legislature. Spencer Publishing Co. v. City of Spencer, 250 Iowa 47, 51, 92 N.W.2d 633, 635. If it sufficiently appears that there was no intent to make the discovery rules applicable in criminal causes—perhaps it is more nearly accurate to say if a "contrary intent" affirmatively appears— we should follow and apply that intent. 50 Am. Jur., Statutes, supra, states the exception thus: "so far at least as they are consistent with the adopting act [statute]"; and in 82 C. J. S., Statutes, supra, it is said "at least as far as the changes are consistent with the purpose of the adopting statute." Section 4.3 of the Code of 1958 is quoted: "References to other statutes. Any statute which adopts by reference the whole or a portion of another statute of this state shall be construed to include subsequent amendments of the statute or the portion thereof so adopted by reference unless a contrary intent is expressed."

But this statute has no bearing on the situation before us. The rule when an adopting statute adopts another statute, rather than the general law on a subject, is thus stated in 50 Am. Jur., Statutes, section 39, page 58: "It is a general rule that when a statute adopts a part or all of another statute, do-

mestic or foreign, general or local, by a specific and descriptive reference thereto, the adoption takes the statute as it exists at that time, and does not include subsequent additions or modifications of the adopted statute, where it is not expressly so declared. The subsequent amendment or repeal of the adopted statute is not within the terms of, and has no effect upon, the adopting statute, where the latter statute is not also amended or repealed expressly or by necessary implication. ※ ※ ※ "

■■ This statute, section 4.3, supra, refers only to adopting statutes which adopt other statutes. It has no relevance to an adopting statute which adopts the general law, such as we have here, except as it makes the same rule apply. Now, whether the adopting statute adopts the general law or a specific statute, the rule is that it applies to later amendments or changes unless a contrary intent or inconsistency appears. Since we have under consideration an adopting statute which adopts the general law, we direct our attention to the question whether the rule of construction that it also adopts later amendments or changes applies, or whether such inconsistencies are shown in the later amendments that we must say an intent not to adopt the discovery deposition procedure appears.

■ V. We think a contrary intent or inconsistency may be expressed either in the general reference statute, the adopting statute, or in the adopted statute or statutes. Thus, the legislature may in the adopting statute express its intent that it does not apply in certain instances; or in a later amendment to the adopted statute it may express such intent. If in the amendments of 1957 it had said definitely that they apply only to civil procedures or in other clear terms had made its intent that criminal cases are excluded from the operation of the rules, it would have been clearly within its powers, and it could not be fairly contended that section 781.10 gives the right of discovery now claimed, and granted here by the respondent. As the Minnesota Supreme Court said in discussing an identical contention in State v. Axilrod, 248 Minn. 204, 208, 79 N.W.2d 677, 681, certiorari denied 353 U. S. 938, 77 S. Ct. 815, 1 L. Ed.2d 760: "Regardless of existing statutes, there is nothing to prevent the legislature from subsequently enacting laws to

apply *exclusively* to procedure in civil cases or to authorize the promulgation of rules of procedure exclusively for civil cases."

VI. There is a measure of plausibility in the contention that section 781.10 makes the discovery procedures applicable in criminal cases. But an analysis of the statutes and rules makes evident the intent of the legislature that the discovery deposition procedure applies only to civil cases. It is true the legislature did not express this intent in so many words; but there are many indicia which can lead to no other conclusion. We gather the intent of the legislature from the entire act; and there are so many inconsistencies with an intent to bring the discovery deposition procedure within the purview of the adopting act that we must conclude no such intent was present. We shall point out some of these, keeping in mind that the rules are in effect statutes.

Rule 140 is quoted: "Depositions generally—stipulation. Depositions shall be governed wholly by these rules, but may be differently taken in any respect if that be in accord with the written stipulation of the parties. Subject to the restrictions in rule 141, a party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action, or for both purposes." (As amended 1957.) It will be noted that this permits the taking of the testimony of any person, "including a party", by deposition "for the purpose of discovery". This flies in the face of the Fifth Amendment to the Constitution of the United States and of our own Code section 781.12, which provides a defendant in a criminal proceeding may not be called as a witness by the State. A defendant in a criminal case is certainly a "party". It will not answer to say that this provision of rule 140 could be ignored; we are here searching for the legislative intent.

Again we find rule 141(c), which says: "Except where the action involves an interest in real estate, depositions for discovery may not be taken where the amount in controversy as shown by the pleadings is less than one thousand dollars, unless leave of court is first obtained, on notice and a showing of just cause therefor, upon such terms as justice may require."

This again makes clear the legislative intent that the amendments permitting discovery do not apply except in civil matters.

A clear indication of the intent of the rules is found in rule 143, where it is said: "provided that a party shall not be required to list the witnesses he expects to call at the trial." Section 772.3, a part of the criminal code, requires that the names of all witnesses must be indorsed on the indictment; and section 776.1(2) makes it ground for setting aside the indictment that the names of all witnesses before the grand jury are not so indorsed. Section 780.10 provides that no witness may be examined on the trial of a criminal case unless the minutes of his testimony were presented with the indictment; or unless notice of additional testimony, giving the name, place of residence and occupation of the proposed witness or witnesses is given to the defendant or his attorney at least four days before the commencement of the trial. It is impossible to reconcile these provisions of statutes governing criminal procedure with the discovery deposition rules. On the one hand, the criminal law makes it mandatory that names of the witnesses by whom the State must prove its case be given to the defendant; on the other, the rules provide that "a party shall not be required to list the witnesses he expects to call at the trial."

Running all through the discovery deposition procedures is the apparent intent that they may be used by either party. Rule 144(b) provides they may be used for "any purpose if, when it was taken, deponent was a party adverse to the offeror * * *." Again the reference to taking the deposition of "a party", when constitutional and statutory provisions both deny the right of the State to require the defendant to give evidence against himself. A reading of the discovery rules makes it clear they were intended to apply only to civil cases.

The discovery procedure is meant to be available to either party; but the State may not avail itself of it in a criminal case. The defendant has a right to be confronted with the witnesses against him: Constitution, State of Iowa, Article I, section 10. It is only the defendant who may take depositions under section 781.10; and it seems clear intent to confine the

discovery procedures to civil actions is amply expressed in the amendments.

VII.  It is urged that we have held that Rules of Civil Procedure 182 and 183 are made applicable to criminal procedures by section 780.2, Code of 1958. We have so held. State v. Sieren, 253 Iowa 118, 120, 111 N.W.2d 249, 250; State v. Mauch, 236 Iowa 217, 224, 17 N.W.2d 536, 540. Also, that we have held rule 196 governs procedures relating to instructions in criminal cases because of section 780.35. We have so said, in State v. Holder, 237 Iowa 72, 83, 20 N.W.2d 909, 915. The intent to apply the Rules of Civil Procedure to criminal cases so clearly appears in the cited adopting statutes and the rules following that there is no room for question. But we have a much different situation when we consider section 781.10 and the discovery rules, as we have endeavored to point out.

VIII.  An attempt to make complex Rules of Civil Procedure applicable by rule of thumb in criminal cases because of a supposed adopting statute is almost certain to lead to awkwardness and grave doubt. If the rules are held to apply, it will generally be necessary, in the case of detailed civil procedures, to bypass some provisions of the rules and to give a strained and unnatural construction to others. At some points they must be amputated and at others stretched. So the logic that says an adopting statute governs not only the original adopted statute but all changes in or amendments to it becomes strained to the breaking point. In the instant case, there are too many provisions in the discovery rules which show the legislative intent that they should not apply to criminal causes. It is true that rule 140 seems to make the right to take the deposition of a party applicable to evidence depositions as well as to discovery. But rule 141(c) and the exclusion clause in rule 143 which says a party shall not be required to list the witnesses he expects to call at the trial are unmistakably confined to discovery. In no way can they be reconciled with an intent to make the discovery procedures applicable to criminal cases.

Historically, section 781.10 and its predecessors were enacted for the purpose of giving the defendant an opportunity to obtain and offer evidence in his own behalf when the wit-

nesses might not be otherwise available. For this purpose, the procedure outlined in the statutes governing the taking and use of depositions in civil cases was made applicable. There was no conflict here with other constitutional or statutory provisions governing criminal cases or the rights of defendants. The original Rules of Civil Procedure as to depositions were in substance the same as the statutes. Section 781.10 made them applicable as to the technical procedures for taking the depositions and as to the effect to be given them as evidence, when taken. No other intent could be found. Now the respondent contends that we must say the discovery provisions, brought in by the amendments of 1957, are incorporated by the adopting statute, although the purpose is altogether different. Granting the general rule as to reference statutes, we think there is no logic supporting its application here, and more important perhaps, that the amended rules themselves show affirmatively the "contrary intent" that they should not apply.

IX. The result of the respondent's holding in the case at bar is unnecessary for the protection of the accused, unfortunate and undesirable. It goes beyond the scope of the enabling statute under which our rules are promulgated. For many years a defendant in a criminal case has had all the protection that can be legitimately needed or afforded by discovery. He is furnished a copy of the indictment; the names of the prosecution's witnesses must be furnished him; if this is not done they may not testify against him. He has the right under our Constitution to be confronted by the witnesses against him. The minutes of the testimony before the grand jury, or the substance of the proposed testimony of each witness if the cause is prosecuted by true information, must be furnished him. The Supreme Court of Vermont has aptly said: "There is no policy in the law which would seem to require opening the door to this sort of thing. Indiscriminate and unrestricted discovery in all cases would not lead to justice, but justice perverted." Hackel v. Williams, 122 Vt. 168, 167 A.2d 364, 366. The court was there speaking of an application ostensibly made to perpetuate testimony by taking the deposition of a State's witness, but actually, in the view of the court, for the purpose of discovering to what the witness would testify.

State v. Axilrod, 248 Minn. 204, 79 N.W.2d 677, supra, is directly in point on the issue before us. It was decided in 1956. Under a long-standing general reference statute, in substance not to be distinguished from our section 781.10, and recently adopted Rules of Civil Procedure providing for discovery, the defendant claimed the right to take depositions of the State's witnesses. This was denied by the trial court, and the supreme court affirmed, saying that it was evident the discovery procedures were intended to apply exclusively to civil actions. An attempt to distinguish the Minnesota case is made by saying that the Minnesota rules themselves provide, in rule 1, that they shall apply only to civil procedures while ours do not. But the enabling act in Iowa gives the supreme court authority only to enact rules governing civil proceedings, and it must be presumed this court did not go beyond the power granted it. In addition, we have endeavored to point out that the provisions of the discovery rules themselves make it abundantly clear they are not intended to apply to criminal matters. The writ of certiorari should be sustained.—Writ sustained.

HAYS, LARSON, OLIVER, PETERSON, and SNELL, JJ., concur.

GARFIELD, C. J., and THORNTON, J., dissent.

BLISS, J., takes no part.