**STATE of Iowa, Appellant,**

.v.

**Hon. Thomas R. BROWN, Judicial Magistrate of the District Court of Des Moines County, Iowa, Appellee.**

No. 2–57938.

Supreme Court of Iowa.

June 30, 1976.

Steven S. Hoth, County Atty., Burlington, for appellant.

John C. Miller and Terry D. Loeschen, Burlington, for appellee.

MOORE, Chief Justice.

The sole question presented on this appeal is whether a defendant charged with a simple misdemeanor may take discovery depositions. We reverse the lower court's order authorizing such depositions and remand this case for trial.

Arthur Louis Klein was charged in Des Moines County District Court by "Information" with the simple misdemeanor of possession of stolen property having a value of less than $20 in violation of Code section 712.1.

October 8, 1974 Klein filed three applications entitled "Application for Court Order Allowing Defendant to Depose State's Witness." On hearing before Judicial Magistrate Thomas R. Brown defendant relied on Code section 781.10 and our holding in *State v. Peterson,* Iowa, 219 N.W.2d 665. The State argued the statute and *Peterson* apply only to indictable misdemeanors and felonies. October 14, 1974 the court, citing section 781.10 and *State v. Peterson,* supra, entered an order "allowing defendant to depose State's witness" but stayed execution of the order to enable the State to seek review of the order.

Review was submitted by certiorari to District Judge J. R. Leary who agreed with the Magistrate's reliance on section 781.10 and our *Peterson* case and affirmed the Magistrate's order. The State has appealed from denial of its claim the Magistrate acted illegally.

I. As we point out, infra, section 781.10 has been analyzed and interpreted in cases involving indictable offenses regarding the right to take discovery depositions. We are here asked for the first time to permit an accused to take such depositions in a simple misdemeanor case.

Code section 781.10 provides:

"A defendant in a criminal case, either after preliminary information, indictment, or information, may examine witnesses conditionally or on notice or commission, in the same manner and with like effect as in civil actions."

In *State v. District Court (Delaware County),* 253 Iowa 903, 114 N.W.2d 317, we held our discovery rules, adopted in 1957, were available only in civil cases. We did so on the basis the statute, now section 781.10, which has been in the Code since 1860, was for the limited purpose of perpetuating defendant's evidence when the witnesses might not be otherwise available. This court observed defendant was sufficiently advised of the testimony to be offered by the State by the requirements that minutes of testimony be attached to an indictment or county attorney's true information. See Code sections 772.3 and 769.4.

We cited and applied the *State v. District Court (Delaware County)* holding in *State*

*v. McClain,* 256 Iowa 175, 125 N.W.2d 764; *State v. Gates,* 260 Iowa 772, 150 N.W.2d 617 and *State v. Rankin,* Iowa, 181 N.W.2d 169. However, dissents were expressed in these cases challenging the sufficiency of minutes to enable an accused to properly prepare for trial.

In *State v. Peterson,* Iowa, 219 N.W.2d 665 we abandoned each reason referred to in *State v. District Court (Delaware County),* supra. We established safeguards against the established rule that at trial testimony may be allowed beyond the minutes. In other words we held abstracted minutes often do not provide sufficient information for trial preparation by an accused. At page 669 of 219 N.W.2d stated: "* * *. We overrule *State v. District Court (Delaware County)* and now hold a defendant, by authority of § 781.10, The Code, may take discovery depositions of State's witnesses. The denial of defendant's application to take discovery was error."

Thus Iowa became one of the very few states to allow extensive use of depositions in criminal cases. Vermont is the only other state which allows unlimited use of discovery depositions. See 24 Drake Law Review 185 (1974).

II. As already stated the cited cases involved indictments or county attorney's true informations to which the minutes of the State's witnesses must be attached. Only listed State's witnesses are permitted to testify in the State's case-in-chief. Our statutes provide entirely different rules for filing and prosecuting a simple misdemeanor accusation.

■ Simple misdemeanors are those public offenses which are punishable by a fine not to exceed $100 or 30 days in jail. They are nonindictable. *Wright v. Denato,* Iowa, 178 N.W.2d 339, 341, and citations. Prosecution of such an offense is commenced before a magistrate or district court clerk by an information or complaint, subscribed and sworn to, and filed with the magistrate or district court clerk or his deputy. Code section 762.2. The information must contain only (1) the name of the county and of the magistrate where the information is filed; (2) names of the parties, if defendant be known, and if not, then such names as may be given them by the complainant and (3) a statement of the acts constituting the offense, in ordinary and concise language, and the time and place of the commission of the offense, as near as may be. Code section 762.3. Listing of witnesses names and attachment of minutes of testimony is not mandated. No pre-filing knowledge and approval of the prosecutor is required.

■ The reasoning and safeguards found in *State v. Peterson,* supra, have no application in a simple misdemeanor case. Peterson recognized the potential unfairness to the defendant that results from the prosecution's ability to subpoena witnesses and obtain their sworn testimony. Safeguards in existence prior to the *Peterson* case such as minutes of testimony, were often found inadequate for defense counsel's trial preparation. In the context of a simple misdemeanor case, however, the prosecutor's advantages are greatly reduced. No sworn testimony is available either to the State or the defendant in most cases. Since no minutes of testimony are attached to the information, the defendant does not need to depose the witness to determine if he or she will testify beyond the scope of the abstracted minutes. For these reasons, it is clear that the unequal scope of discovery found compelling in *Peterson* simply is not present in this case. We therefore find no commanding reason for extending the use of discovery depositions to simple misdemeanor cases. The magistrate acted illegally in authorizing the discovery depositions.

We hold the District Court should have sustained the writ of certiorari. We order this case remanded to the Magistrate for trial.

REVERSED AND REMANDED.

RAWLINGS, LeGRAND and REES, JJ., concur.

HARRIS, MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ., concur specially.

HARRIS, Justice (concurring specially).

The question is whether § 781.10, The Code, contemplates the taking of discovery depositions in prosecutions of nonindictable misdemeanors. This question turns on familiar principles of statutory construction.

In *State v. Peterson,* 219 N.W.2d 665, 669 (Iowa 1974) we held this section does provide for the taking of discovery depositions in felony and indictable misdemeanor cases. In *Peterson* the majority overruled *State v. District Court (Delaware County),* 253 Iowa 903, 114 N.W.2d 317 (1962) on the ground the earlier case had inappropriately nullified the section. The contending views expressed in the majority and concurring opinions in *Peterson* seemed to differ on the issue of whether the right to depose under this section was a question of statutory interpretation. The majority opinion in the instant case appears to proceed in this regard from the concurring view in *Peterson.*

Our holding in *Peterson* allowing discovery in criminal cases did not reach nonindictable misdemeanor prosecutions. Rule 1, Rules of Civil Procedure provides: "These rules shall govern the practice and procedure in all courts of the state, except where they expressly provide otherwise, or statutes not affected hereby provide different procedure in particular courts or cases." A statute does provide a different procedure before magistrates. Section 602.62, The Code, enacted in 1972, lists the chapters which are to govern the procedure before magistrates. Section 781.10, The Code, first appeared in The Code, 1860.

"Where, as here, subsequent legislation which comprehensively and specifically treats a matter included in a prior general statute results in an ambiguity or redundancy, the prior legislation is deemed repealed by implication. (Authorities)." *Dugan Transport Co. v. Worth County et al.,* 243 N.W.2d 655, 658 (Iowa 1976).

Accordingly the operation of § 781.10 is modified by the following language of the later enactment: "The criminal procedure before judicial magistrates shall be as provided in chapters 751, 754 to 763, 765, 766 and 768. The civil procedure before judicial magistrates shall be as provided in chapters 631 and 648." § 602.62, The Code.

Chapter 781 is omitted. Accordingly the provisions of § 781.10 have no application to trials of nonindictable misdemeanor cases.

Full-time judicial magistrates trying indictable misdemeanors employ district judges' practice and procedure. See sections 602.4 and 602.60, The Code.

I concur in the result.

MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ., join in this special concurrence.