David A. KELSEY, Appellant,

v.

Honorable Brent G. HARSTAD,
Appellee.

No. 60618.

Supreme Court of Iowa.

Feb. 22, 1978.

Gerald C. Kucera, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., and Craig A. Kelinson, Asst. Linn County Atty., Cedar Rapids, for appellee.

Considered by REYNOLDSON, Acting C. J., and LeGRAND, REES, HARRIS, and McCORMICK, JJ.

LeGRAND, Justice.

After being charged with possession of a controlled substance (marijuana) in violation of § 204.401(3), The Code, 1975, plaintiff filed an application for permission to take the discovery depositions of two Cedar Rapids police officers at state expense. His application was denied, and we granted him permission to test this ruling by writ of certiorari.

All references to The Code and all discussions of applicable procedures are under our law prior to January 1, 1978, the effective date of the new Iowa Criminal Code.

§ 781.10, The Code, provides as follows: "A defendant in a criminal case, either after preliminary information, indictment, or information, may examine witnesses conditionally or on notice or commission, in the same manner and with like effect as in civil actions."

In *State v. Peterson*, 219 N.W.2d 665, 669 (Iowa 1974), we held for the first time that this statute permitted a defendant to take discovery depositions in criminal

felony cases. Later in *State v. Brown*, 243 N.W.2d 854, 855, 857 (Iowa 1976), we refused to extend this right to simple misdemeanors, which are offenses punishable by a fine of not more than $100.00 or a jail term of not more than 30 days. From *Peterson* and *Brown*, it is clear the right to take depositions under the cited statute applies to both felonies and indictable misdemeanors. We have excluded from its operation only nonindictable misdemeanors.

■ In the present case, plaintiff was charged with an indictable misdemeanor which carries a punishment of not more than six months in jail or a fine of not more than $1,000.00, or both. The defendant magistrate erred in denying defendant's application.

The record discloses nothing except plaintiff's application under § 781.10 and the magistrate's denial thereof. No reason for refusal was given. It seems clear the magistrate concluded the section did not extend the right to take depositions to indictable misdemeanors. However, two other reasons why it was proper to deny the application are now advanced. We find no merit in either.

First, it is asserted plaintiff made no showing it was necessary to take the depositions "in the interests of justice." Defendant relies on § 775.5, The Code, and on *State v. McGhee*, 220 N.W.2d 908 (Iowa 1974), *State v. Williams*, 207 N.W.2d 98 (Iowa 1973), and *State v. Hancock*, 164 N.W.2d 330, 332 (Iowa 1969). These cases do not touch upon the point before us. The present application was under a different statute (781.10) and sought to depose the only two witnesses listed by the state in the minutes of testimony. The right of a defendant to depose the witnesses by whom the state expects to prove its case should not be confused with the trial court's discretion under § 775.5 to limit the extent to which a defendant may, at state expense, attempt to discover favorable evidence by independent investigation.

It is also asserted defendant magistrate had no authority to order the taking of depositions because that power is limited to district court judges and associate district court judges.

■ It is true the procedure before magistrates differs in most cases from that before district or associate district judges. *See* discussion in concurring opinion in *State v. Brown*, 243 N.W.2d at 857. As pointed out there, § 602.62, The Code, does not designate § 781.10 as one of the statutes governing magistrates' procedure. However, this section must be considered together with § 602.60, which provides in part as follows:

"Judicial magistrates appointed pursuant to 602.51 shall have jurisdiction of indictable misdemeanors * * * and while exercising that jurisdiction, judicial magistrates shall employ district judges' practice and procedure."

■ Since we deal here with an indictable misdemeanor, § 602.60 prescribes the applicable procedure. If there is any conflict between 602.62 and 602.60, it must be resolved in favor of the latter, since it deals specifically with the handling of indictable misdemeanors while 602.62 deals generally with the procedure to be followed by magistrates. *See* § 4.7, The Code; *Doe v. Ray*, 251 N.W.2d 496, 501 (Iowa 1977) and citations; *Shriver v. City of Jefferson*, 190 N.W.2d 838, 840 (Iowa 1971).

On the record before us, we hold the magistrate improperly denied defendant's application to depose the two police officers. The writ is sustained and the case is remanded with directions that an order be entered authorizing the taking of such depositions at public expense.

WRIT SUSTAINED.