**Demetrios S. HADJIS, Plaintiff,**

**v.**

**IOWA DISTRICT COURT, IN AND FOR LINN COUNTY, and Lynne E. Brady, Associate District Judge, Defendants.**

**No. 61828.**

Supreme Court of Iowa.

Feb. 21, 1979.

John M. Maher and James L. Chipokas of Chipokas, Koehler, Platt & Maher, Cedar Rapids, for plaintiff.

Eugene J. Kopecky, Linn County Atty., Glenn L. Johnson, Asst. Linn County Atty., and Sterling Benz, Asst. Cedar Rapids City Atty., for defendants.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS and ALLBEE, JJ.

ALLBEE, Justice.

This is an original certiorari action brought to review orders of the district associate court of Linn County in two criminal actions brought against the plaintiff in certiorari. On January 18, 1978, the certiorari plaintiff, Demetrios S. Hadjis, was charged with two offenses: criminal trespass, a violation of § 716.8(1), Code Supp. 1977, and resisting an officer, a violation of Cedar Rapids, Iowa, Municipal Code § 63.01 (1972 rev.) Trial court ordered the two cases consolidated for trial. Hadjis moved for severance of the cases and for discovery. Both motions were denied and Hadjis petitioned this court for a writ of certiorari. An order granting the writ was issued on April 21, 1978.

The parties have presented three issues. We consider them in the order presented by the certiorari defendant's brief.

I. Initially, the certiorari defendant challenges the jurisdiction of this court to hear this case on certiorari. It is insisted that review of the challenged orders should be by way of discretionary review, *see* § 814.6(2), Code Supp. 1977, and that such review is not available in simple misdemeanor cases. Alternatively, the certiorari defendant suggests that, if review of these orders is appropriate, it should be done by a district judge, as was done in *State v. Brown*, 243 N.W.2d 854 (Iowa 1976).

*State v. Brown* did not consider whether certiorari directed to a district associate judge was properly brought, in the first instance, in the district court or the supreme court. Nor was the question discussed in *City of Des Moines v. Elliott*, 267 N.W.2d 44 (Iowa 1978) or *LaRue v. Burns*, 268 N.W.2d 639 (Iowa 1978), each of which allowed certiorari to a district associate judge to be brought in this court.

The availability or unavailability of alternative methods of review does not determine whether this court may hear a case by certiorari. *Collier v. Denato*, 247 N.W.2d 236, 238 (Iowa 1976); *see State v. District Court In and For Polk County*, 231 N.W.2d 1, 4 (Iowa 1975); R.Civ.P. 308. Therefore, whether or not it would be possible to consider the district associate court's orders by discretionary review is irrelevant to the issue of this court's certiorari jurisdiction.

The question of this court's jurisdiction instead turns upon the meaning of the first sentence of Rule of Civil Procedure 309: "The writ may be granted only by the district court unless it is directed to that court or a municipal or superior court; and then by the supreme court or a justice thereof." This rule has been outdated by the passage of the Unified Trial Court Act, chapter 1124 of the Acts of the 65th General Assembly, codified as chapter 602, The Code. That Act abolished justice of the peace and mayor's courts as well as the municipal and

superior courts which rule 309 refers to. In their stead, the Act established an Iowa District Court and assigned that court's jurisdiction to district judges, district associate judges and judicial magistrates.

The question is whether "district court" within the purview of rule 309 means the unified trial court as a whole, or refers only to the court occupied by Iowa district judges exercising the full jurisdiction of the district court. *See* § 602.4, The Code.

Certiorari arises from the supervisory function which the supreme court exercises over all lower courts within the state. *Sueppel v. Eads,* 261 Iowa 923, 926, 156 N.W.2d 115, 117 (1968); Iowa Constitution Art. V, § 4. *See also In re Judges of Cedar Rapids Municipal Court,* 256 Iowa 1135, 130 N.W.2d 553 (1964). District associate judges and judicial magistrates are subject to that supervision. In addition, they may be regarded as having succeeded to the criminal jurisdiction of the superior and municipal courts mentioned in rule 309. *Compare* §§ 602.15, 603.9, The Code 1971 (establishing criminal jurisdiction of municipal and superior courts) with §§ 602.32, 602.60, The Code 1977 (establishing jurisdiction of associate district judges and judicial magistrates). Thus, it is within the contemplation of rule 309 that this court should be able to issue writs of certiorari directed to district associate judges and judicial magistrates. This court has jurisdiction to consider this case on certiorari. Review, however, is limited to questions of jurisdiction or illegality of the court's actions, because no specific statutory exception to that scope of review is applicable. *Collier v. Denato,* 247 N.W.2d 236, 238 (Iowa 1976); R.Civ.P. 306.

II. Certiorari plaintiff contends that trial court should not have consolidated the trials of the two offenses with which he is charged. He claims that there is no "basis in law or practice" for allowing consolidation of a trial on a state charge with that on a city ordinance violation. He describes as a "spectacle" the possibility of two prosecutors trying their two cases against a single defendant before a single jury and insists that he will suffer great prejudice. He therefore concludes that he has an absolute right to the severance of the trials on the two charges.

The complaints by which Hadjis was charged indicate that his predicament arose in this manner. He refused to leave Gregory's Down Under Lounge after being informed that his attire did not conform with that establishment's dress code. Cedar Rapids police officers were called. The officers requested that Hadjis leave. When he refused, he was placed under arrest for criminal trespass. A struggle between Hadjis and the police officers ensued. That altercation resulted in Hadjis being charged with violating a city ordinance forbidding resisting an officer.

Hadjis is correct in contending that the rules of criminal procedure do not provide for the consolidation of trials on state charges and city ordinance violations. Trial court's action in consolidating the trials on these offenses was illegal and requires that the writ be sustained.

III. The third issue is whether Hadjis was entitled to access to his own statements made to, and recorded by, the Cedar Rapids police. While his motion for discovery at the trial level was considerably more broad, this single point is the only one pursued in this certiorari action, and the only one which we consider. The argument which Hadjis makes is that Rule of Criminal Procedure 13(2)(a)(1) is incorporated into the rules governing simple misdemeanor prosecutions by rule 33.

Rule of Criminal Procedure 13(2)(a)(1) makes it mandatory that a defendant charged with an indictable offense be permitted, on his motion, to copy his own statements. No such procedure is provided in the rules governing simple misdemeanors. The question under R.Crim.P. 33, then, is whether rule 13(2)(a)(1) is "by [its] nature applicable" to prosecutions for simple misdemeanors.[1]

1. **Rule 33. Applicability of indictable offense rules**
Procedures not provided for herein shall be governed by the provisions of these rules which are by their nature applicable relating to trial of indictable offenses, and by the statutes of the state of Iowa.

Whether a provision of the indictable offense rules is by its nature applicable to prosecutions for simple misdemeanors must be decided by reference to the purposes of the simple misdemeanor rules. An examination of those rules leads to the conclusion that they are intended to facilitate disposition of criminal charges with as much speed and as little cost as can be accomplished consistent with a fair trial. The question, then, is what effect allowing a criminal defendant to have access to his own statements will have on the fairness of his trial and the speed and cost efficiency with which it can be accomplished.

The legislature has indicated a preference for making such statements available by providing that disclosure is mandatory in indictable offense prosecutions. The cost of allowing a criminal defendant to "inspect and copy or photograph" his own statements would be minimal. No delay should be engendered by such action. Fairness to criminal defendants would be advanced virtually without cost. It appears, therefore, that this procedure is "by its nature applicable" to simple misdemeanor prosecutions.

It is important to note that a single narrow issue is being addressed here: the availability to a misdemeanor defendant of his own statements made to police. The applicability of other portions of the indictable offense rules to simple misdemeanor prosecutions must be determined on an individual basis by considering the factors applied here, speed, cost and fairness, and others which are relevant. It is for this reason that *State v. Brown*, 243 N.W.2d 854 (Iowa 1976), cited by the State, is of no assistance. That case dealt with the availability to a misdemeanor defendant of depositions. The cost and delay caused by that type of discovery would be considerably greater than should result here.

Because the certiorari defendant acted illegally in consolidating the trials on the two offenses and in denying certiorari plaintiff discovery to which he was entitled, the writ is sustained.

WRIT SUSTAINED.