Michael Allen JONES, Appellant,

v.

**IOWA DISTRICT COURT FOR WAPELLO COUNTY,**
Appellee.

No. 98–1937.*

Supreme Court of Iowa.

Dec. 20, 2000.

Thomas M. Walter of Johnson, Hester, Walter & Breckenridge, L.L.P., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Victoria Siegel, County Attorney, and Rivka Sorensen, Special Prosecutor, for appellee.

LARSON, Justice.

This plaintiff, Michael Allen Jones, has appealed from a district court order denying his petition for a writ of certiorari to challenge a judicial magistrate's refusal to order discovery depositions in a simple-misdemeanor case. Because we hold a defendant has no right to court-ordered discovery depositions in simple-misdemeanor cases, we affirm the order of the district court.

---

ment right to counsel, a right that entitles the defendant to counsel with undivided loyalties.

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

## I. *Facts and Prior Proceedings.*

Jones was charged with domestic-abuse assault, a simple misdemeanor. *See* Iowa Code §§ 236.2 (1997) (defining domestic abuse); 708.1 (defining assault); 708.2A (penalties for domestic-abuse assault). Jones served notice on the State of his intention to take depositions of two police officers, the alleged victim, and two other witnesses. The State filed a motion to quash the discovery attempt. The magistrate granted the State's motion to quash, holding that depositions could not be taken in simple-misdemeanor cases. Jones petitioned for a writ of certiorari in the district court, which denied it. Jones appealed.

## II. *The Bases of the Discovery Argument.*

Jones claims three bases for his argument that discovery depositions should be ordered in his case:

(1) the Due Process Clauses of the federal and state constitutions require it; (2) Iowa Rule of Criminal Procedure 12(1), providing for depositions of witnesses listed on an indictment or county attorney's information, requires it; and (3) Iowa Rule of Criminal Procedure 12(2), allowing the court in its discretion to order depositions of witnesses not so listed, should be interpreted to grant him that right.

## III. *Analysis.*

◼ Jones's first and third arguments are controlled by our recent case of *State v. Weaver*, 608 N.W.2d 797 (Iowa 2000), which was filed after the district court's ruling here. In *Weaver* we held a criminal defendant has no due process right to pretrial discovery. *Id.* at 803. We also held that Iowa Rule of Criminal Procedure 12(2), the basis of Jones's third argument, is to be used only for preservation of testimony for use at trial and provides no right to pretrial discovery depositions. *Id.* at 801–02. Because *Weaver* controls these issues, we reject Jones's constitutional argument and his argument based on rule 12(2).

◼ Disposition of those issues under *Weaver* leaves only Jones's argument based on Iowa Rule of Criminal Procedure 12(1). That rule provides this regarding depositions:

A defendant in a criminal case may depose *all witnesses listed by the state on the indictment or information* or notice of additional witnesses in the same manner and with like effect and with the same limitations as in civil actions except as otherwise provided by statute and these rules. Depositions before indictment or trial information is filed may only be taken with leave of court.

(Emphasis added.) The limited scope of this rule is apparent: it applies, at least on its face, only to indictable cases. This would exclude Jones's assault case, which is a simple misdemeanor.

Jones argues this is not a run-of-the-mill simple-misdemeanor case because a conviction of domestic-abuse assault carries a two-day, mandatory jail sentence. *See* Iowa Code § 708.2A(6)(a). He argues that in view of this fact, our discovery rules should apply to his case, even if they are generally inapplicable in simple-misdemeanor cases. The State responds that discovery provisions of our rules of criminal procedure are simply inapplicable. Further, *all* simple-misdemeanor offenses may be punishable by up to thirty days in jail, and we should not devise a special discovery rule for domestic-abuse assault.

Jones rejoins that Iowa Rule of Criminal Procedure 33 makes the discovery provisions of rule 12(1) applicable in simple–misdemeanor cases. Under rule 33,

[p]rocedures [for trial of simple–misdemeanor cases] not provided for herein shall be governed by the provisions of these rules *which are by their nature applicable relating to trial of indictable offenses*, and by the statutes of the state of Iowa.

(Emphasis added.)

In *State v. Brown*, 243 N.W.2d 854, 856 (Iowa 1976), we refused to require deposi-

tions in a simple-misdemeanor case. While this decision preceded the adoption of our rules of criminal procedure, nothing in those rules signaled an intention to deviate from the rule of *Brown* or to incorporate discovery provisions for simple–misdemeanor cases. In *Hadjis v. Iowa District Court*, 275 N.W.2d 763, 765–66 (Iowa 1979), we discussed a discovery issue in the context of our newly adopted criminal rules. The issue in *Hadjis* was whether rule 33 made rule 13(2)(a)(1) (allowing a defendant to obtain a copy of his own statement) applicable in simple-misdemeanor cases. We concluded that allowing a defendant to "inspect and copy or photograph" his own statement entailed minimal cost and no delay, so this procedure was "by its nature applicable" to simple-misdemeanor cases. *Id.* at 766. We said:

> Whether a provision of the indictable offense rules is by its nature applicable to prosecutions for simple misdemeanors must be decided by reference to the purposes of the simple misdemeanor rules. An examination of those rules leads to the conclusion that they are intended to facilitate disposition of criminal charges with as much speed and as little cost as can be accomplished consistent with a fair trial.

*Id.* We distinguished *Hadjis* from our holding in *Brown* by noting that "[t]he cost and delay caused by that type of discovery [depositions] would be considerably greater than should result here." *Id.* Requiring discovery depositions in simple–misdemeanor cases under rule 12(1) is qualitatively different, as we noted in *Hadjis*, from simply requiring the state to produce a copy of the defendant's statement as in *Hadjis*. *See id.* We believe rule 33 should not be interpreted to make simple-misdemeanor prosecutions more costly and time consuming by requiring discovery depositions under rule 12(1).

This interpretation of rule 33 is consistent with the legislative intent with respect to the trial of simple–misdemeanor cases, as evidenced by this language of Iowa Code section 602.6405(2):

> The criminal procedure before magistrates is as provided in chapters 804 [regarding arrest and disposition of prisoners], 806 [magistrate to hold hearing under Uniform Fresh Pursuit Law], 808 [authority regarding searches], 811 [regarding pretrial release], 820 [duties regarding Uniform Criminal Extradition Act], and 821 [regarding Detainers Compact] and rules of criminal procedure 1, 2, 5, 7, 8, and 32 to 56.

■ It is significant this statute does not include rule 12 as a rule to be incorporated in trials before magistrates. We agree with the district court that discovery depositions may not be ordered in simple-misdemeanor cases.

**AFFIRMED.**