# IN THE SUPREME COURT OF IOWA

No. 10–1543

Filed December 16, 2011

**STATE OF IOWA,**

Appellant,

vs.

**DANIEL DEAN RAINSONG,**

Appellee.

_____

Appeal from the Iowa District Court for Story County, Timothy J. Finn, Judge.

The State seeks interlocutory review of an order precluding its use of a noticed deposition at trial. **DECISION OF DISTRICT COURT AFFIRMED AND CASE REMANDED.**

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Stephen H. Holmes, County Attorney, and Brendan E. Greiner and Travis S. Johnson, Assistant County Attorneys, for appellant.

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant State Appellate Defender, for appellee.

**WIGGINS, Justice.**

The State noticed the deposition of a victim. The defendant refused to attend the deposition. The State proceeded to take the deposition of the victim without participation by the defendant and later attempted to introduce the deposition at trial. The district court did not allow the State to use the deposition. The State requested interlocutory appeal, which we granted. On review, we find Iowa Rule of Criminal Procedure 2.13 did not authorize the taking of the deposition. Therefore, the noticed deposition is nothing more than a sworn affidavit, and its admission would violate the defendant's right to confrontation as guaranteed by the Confrontation Clause of the United States Constitution.[1] Accordingly, we affirm the judgment of the district court and remand the case for further proceedings.

### I. Background Facts and Proceedings.

The State charged Daniel Dean Rainsong with two counts of theft in the first degree, one count of dependent adult abuse, and one count of habitual offender. The State alleged Rainsong stole $15,000 each from his mother, Lisa Radford, a dependent adult who passed away in October 2009, and her husband, Loren Radford. Rainsong pled not guilty and waived his right to a speedy trial. The district court originally set a jury trial for May 25, 2010.

On March 16, Rainsong filed a notice of his intent to take depositions of all individuals listed in the trial information, which included Loren. Rainsong deposed the State's witnesses on April 1 and 2, with the exception of Loren, who had moved to Pendleton, Oregon in

---

[1]The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . . U.S. Const. amend. VI.

November 2008 to live near his daughter, a certified nursing assistant. On April 9, Rainsong filed a notice of defense witnesses, and on April 22 Rainsong filed an amended and substituted notice of defense witnesses. Neither document named Loren as a defense witness.

The parties had originally agreed to depose Loren, a seventy-nine-year-old, by telephone. However, once Rainsong learned Loren had difficulty speaking, the result of a stroke he suffered in August 2009, Rainsong decided not to depose him. The State admitted Loren's stroke greatly affected his speech and prevented the parties from conducting a telephone deposition because, while he could be understood in a face-to-face conversation, it was not easy to understand him over the telephone. The district court continued the trial to June 8 after the parties jointly moved for a continuance based on the need to complete discovery.

According to the State, during an informal conversation on May 18, the State made an oral offer to Rainsong to fly the parties to Oregon to conduct Loren's deposition. The State offered to pay many of the costs that would have been associated with the trip for both parties, including airfare, hotel rooms, rental cars, and a per diem. Rainsong declined the offer because he worried the State would request that he reimburse it for all court costs, including those associated with the trip to Oregon, at the conclusion of the case.

Loren suffered a second medical incident on May 26, prompting the State to move to continue the trial again. The State expressed serious concerns regarding Loren's ability to travel from Oregon to Iowa due to his health. The district court continued the trial to August 10, citing Loren's health problems.

On June 4, the State moved to continue the trial for a third time because one of its other witnesses would have been unavailable on the

existing trial date. While discussing the ramifications of another continuance at a hearing on June 28, Rainsong expressed concerns about a letter he received from the State suggesting Loren would not be able to testify at trial in August due to his deteriorating health. This prompted the State to reiterate its uneasiness, saying,

> [I]f we were to force him to be on a plane or in a car for the trip to make it back here to Iowa, . . . that would hurt his health even further, and the State can't in good conscious ask [him] to do that.

Nonetheless, the district court continued the trial to September 28.

The State filed a notice of deposition on July 12 wherein it reiterated its offer to fly the defendant and his counsel to Oregon for the deposition. It further offered, in the alternative, to conduct Loren's deposition via video teleconference. The State indicated it had arranged with the United States Attorneys' offices in Des Moines and Yakima, Washington for a video teleconference on August 5. According to the State, it arranged for Rainsong, his attorney, and the prosecutor to be at the United States Attorney's office in Des Moines, while Loren and a certified court reporter would attend the deposition at its counterpart in Yakima.

Although Rainsong informed the State he would not participate, the State declared it would conduct a deposition and direct examination of Loren, as planned. The State also asserted that, in the event the court deemed Loren unavailable, it planned to use his deposition in lieu of his personal appearance at trial.

On July 29, Rainsong filed a demand for face-to-face confrontation and resistance to the State's notice of deposition. Rainsong specifically stated he was not willing to waive his right to confrontation and argued rule 2.13 permitted, but did not require, him to depose the State's

witnesses. Rainsong also maintained that, since Loren was not listed as a defense witness, the State did not have the right to depose him.

The State filed a notice of unavailability on August 4, stating Loren was "not in sufficient physical condition to travel back to Iowa to testify at trial." The State declared its intention to depose Loren on August 5 by video teleconference in order to perpetuate his testimony to use at trial in lieu of his personal appearance, even though the defense indicated it would not participate in the deposition.

Rainsong objected to the State's request to use the taped interview at trial and again demanded to confront Loren in open court. Rainsong argued Loren was not unavailable and demanded his presence at trial. The State failed to obtain a ruling from the court as to whether it could take the deposition of Loren. Nonetheless, the State examined Loren on August 5 by video teleconference. Neither Rainsong nor his attorney participated.

On August 18, Rainsong filed a demand for speedy trial, reasserting his right to be tried within ninety days. On September 10, the State filed a notice of Loren's unavailability and moved to substitute Loren's deposition in lieu of his personal appearance at trial. The State argued, pursuant to Iowa Rule of Evidence 5.804(*b*)(1), Rainsong waived his right to confront Loren because he was given an opportunity to attend the video teleconference and declined to do so. Rainsong filed a resistance to the State's notice of Loren's unavailability, arguing that the State did not take the deposition in compliance with the law and that Rainsong did not waive his right of confrontation.

The district court denied the State's request to submit Loren's recorded video deposition at trial in lieu of his in-person testimony. The State asked for interlocutory review, which we granted.

## II. Issues.

We must decide two issues. First, we must decide whether the State complied with the law when it took the deposition of Loren. Second, we must determine whether Rainsong waived his right to confront a witness against him under the Confrontation Clause by failing to attend the noticed deposition.

## III. Scope of Review.

Rulings concerning discovery matters are committed to the sound discretion of the trial court. *State v. Gates*, 306 N.W.2d 720, 725 (Iowa 1981). However, interpretations of the Iowa Rules of Criminal Procedure are reviewable for correction of errors at law. *State v. Finn*, 469 N.W.2d 692, 693 (Iowa 1991). Additionally, we review claims brought under the Confrontation Clause de novo. *State v. Harper*, 770 N.W.2d 316, 319 (Iowa 2009).

## IV. Discussion.

The Iowa Rules of Criminal Procedure govern the taking of depositions in a criminal case. The rules provide, in relevant part, as follows:

> 2.13(1) *By defendant.* A defendant in a criminal case may depose all witnesses listed by the state on the indictment or information or notice of additional witnesses in the same manner and with like effect and with the same limitations as in civil actions except as otherwise provided by statute and these rules. . . .
>
> . . . .
>
> 2.13(2) *Special circumstances.*
> *a.* Whenever the interests of justice and the special circumstances of a case make necessary the taking of the testimony of a prospective witness not included in rule 2.13(1) or 2.13(3), for use at trial, the court may upon motion of a party and notice to the other parties order that the testimony of the witness be taken by deposition and that any designated book, paper, document, record, recording, or other material, not privileged, be produced at the same time

and place. For purposes of this subsection, special circumstances shall be deemed to exist and the court shall order that depositions be taken only upon a showing of necessity arising from either of the following:

. . . .

(2) Other just cause necessitating the taking of the deposition.

. . . .

2.13(3) *By state.* At or before the time of the taking of a deposition by a defendant under rule 2.13(1) or 2.13(2), the defendant shall file a written list of the names and addresses of all witnesses expected to be called for the defense (except the defendant and surrebuttal witnesses), and the defendant shall have a continuing duty before and throughout trial promptly to disclose additional defense witnesses. Such witnesses shall be subject to being deposed by the state.

Iowa R. Crim. P. 2.13(1), (2)(*a*)(2), (3).

We liberally construe our discovery rules to effect the disclosure of relevant information to the parties. *State v. Grimme*, 338 N.W.2d 142, 144 (Iowa 1983). However, in the present case we are not dealing with a noticed deposition for the disclosure of relevant information between the State and the defendant. Rather, the State noticed the deposition in order to perpetuate Loren's testimony and present it at trial in lieu of his personal appearance.

More importantly, when construing our discovery rules and statutes in criminal cases, we have been scrupulous not to broaden discovery beyond the plain language of the rules or statutes. For example, in a case involving a statutory discovery rule, we held the criminal discovery provisions only permitted the taking of depositions and not the propounding of interrogatories in a criminal case. *State v. Smith*, 262 N.W.2d 567, 570 (Iowa 1978).

In another case interpreting our criminal discovery rules, we held the rules did not allow a defendant to take depositions of persons not

listed by the State as witnesses even though the defendant alleged those persons might have information to aid in his defense. *State v. Webb*, 309 N.W.2d 404, 412–13 (Iowa 1981).

Similarly, in a third case we construed our criminal discovery rules to preclude a defendant from taking the deposition of the victim because the minutes of testimony did not list the victim as a witness. *State v. Weaver*, 608 N.W.2d 797, 801 (Iowa 2000). Additionally, we held the court was not required to order the taking of the victim's deposition under rule 2.13(2)[2] because the defendant did not make a showing that the victim was unavailable to testify and that ordering the deposition was in the interests of justice. *Id.* at 802.

In a fourth case, we held the criminal discovery rules did not authorize the defendant to take a pretrial discovery deposition of the State's rebuttal witness. *State v. Tangie*, 616 N.W.2d 564, 572 (Iowa 2000). There, the defendant conceded the rules did not authorize the defendant to take the deposition of a witness not listed in the minutes. *Id.* Further, we held the special circumstances contemplated by rule 2.13(2) only applied to a deposition to perpetuate testimony for trial, not for discovery purposes. *Id.*

Finally, in another case, we decided rule 2.13 was inapplicable in simple misdemeanor cases because, by its plain terms, the rule applies only to "all witnesses listed by the state on the indictment or information or notice of additional witnesses" and simple misdemeanors are not indictable offenses. *Jones v. Iowa Dist. Ct.*, 620 N.W.2d 242, 243 (Iowa 2000) (internal quotation marks omitted).

---

[2]Prior to February 15, 2002, present day rule of criminal procedure 2.13 was numbered as rule of criminal procedure 12. All references in this opinion are to rule 2.13.

To resolve this appeal, it is clear from the examination of our cases that we must first determine whether rule 2.13 authorized the State's noticed deposition of Loren. Rule 2.13(1) delineates which witnesses the defendant *may depose* in a criminal case. Specifically, rule 2.13(1) gives the defendant the right to take the deposition of a witness "listed by the state on the indictment or information or notice of additional witnesses." Iowa R. Crim. P. 2.13(1). Here, Rainsong originally sought to depose Loren by telephone. If Rainsong had proceeded with the deposition, then the rules would have permitted the State to depose Loren. However, Rainsong changed his mind after both parties conceded that a telephone deposition would not be practicable due to Loren's speech problems. Once Rainsong decided against taking Loren's deposition, the State had no right to proceed with the deposition under rule 2.13(1).

Rule 2.13(3) delineates whom the State may depose in a criminal case. Under the rule, the State can only depose the witnesses the defense expects to call. *Id.* r. 2.13(3). In this case, Rainsong did not name Loren as a witness in either of his notices of defense witnesses. Thus, rule 2.13(3) did not give the State the authority to take Loren's deposition.

The only rule the State could rely upon was rule 2.13(2), which by it terms, is applicable when rules 2.13(1) and 2.13(3) do not apply. Rule 2.13(2)(*a*) sets forth the specific procedure a party to a criminal case must follow to take the deposition of a witness not covered under rules 2.13(1) or 2.13(3).

Although the State sought to use the deposition of Loren to perpetuate his testimony, it failed to follow the procedural requirements of rule 2.13(2)(*a*). Rule 2.13(2)(*a*) authorizes the court to order the taking of a deposition of a witness to perpetuate the witness's testimony

"[w]henever the interests of justice and the special circumstances of a case make necessary the taking of the testimony of a prospective witness." *Id.* r. 2.13(2)(*a*). Special circumstances exist when a party makes "a showing of necessity arising from . . . [a] just cause necessitating the taking of the deposition." *Id.* r. 2.13(2)(*a*)(2).

Here, Rainsong and the State were quibbling over whether Rainsong had to participate in Loren's noticed deposition. In fact, both parties filed numerous documents before the time of Loren's deposition that we could consider as motions filed pursuant to rule 2.13(2)(*a*). For some unknown reason, the State chose to proceed with the noticed deposition of Loren without first obtaining an order permitting the taking of the deposition under rule 2.13(2)(*a*). Without such an order, rule 2.13(2)(*a*) did not authorize the taking of the deposition of Loren. Accordingly, Rainsong had no obligation to participate in the noticed deposition.

Because rule 2.13 did not authorize the taking of Loren's deposition, the noticed deposition was nothing more than an ex parte statement of Loren taken before a court reporter. In other words, the testimony of Loren was the equivalent of a sworn affidavit procured by the State. Therefore, Rainsong could not have waived his right to confrontation by failing to appear at a noticed deposition not authorized by our rules.

Generally, the Confrontation Clause prohibits the use of testimonial hearsay evidence unless the declarant testifies at trial or the right to confrontation is otherwise sufficiently honored. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374, 158 L. Ed. 2d 177, 203 (2004). The Supreme Court has provided various formulations to aid a court in determining whether evidence is testimonial hearsay. *See id.*

at 51–52, 124 S. Ct. at 1364, 158 L. Ed. 2d at 193. If the declarant would reasonably expect the prosecution to use his or her extrajudicial statements contained in affidavits or depositions at trial, the extrajudicial statements are testimonial hearsay. *Id.*

Loren understood the State was going to use the sworn statement he gave at the noticed deposition in lieu of his trial testimony. Consequently, the statements contained in Loren's statement are not admissible unless Rainsong has the opportunity to confront Loren. Accordingly, the district court correctly decided not to allow the State to introduce at trial the statements contained in Loren's noticed deposition.

**V. Disposition.**

We affirm the ruling of the district court that the State cannot use the statements contained in Loren's noticed deposition because it is equivalent to a sworn affidavit, and therefore, it would be testimonial hearsay if admitted at trial. To allow its admission would violate Rainsong's rights under the Confrontation Clause of the United States Constitution. Therefore, we remand the case to the district court for further proceedings consistent with this decision.

**DECISION OF DISTRICT COURT AFFIRMED AND CASE REMANDED.**