**IN THE COURT OF APPEALS OF IOWA**

No. 12-1148
Filed December 24, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN JAMES NORMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


        The defendant appeals his conviction for interference with official acts.

**AFFIRMED.**


        Sally Frank of Drake Legal Clinic, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, John P. Sarcone, County Attorney, and David Porter, Assistant County

Attorney, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Following a jury trial, Justin Norman was convicted of interference with official acts, a simple misdemeanor, in violation of Iowa Code section 719.1 (2011). He appealed his conviction to the district court pursuant to Iowa Rule of Criminal Procedure 2.73. The district court affirmed Norman's conviction in a written ruling and order. Norman successfully petitioned the supreme court for discretionary review of his conviction. *See* Iowa Code § 814.6(2)(d); Iowa R. App. P. 6.106. The supreme court transferred the case to this court for disposition. Norman raises three challenges to his conviction. First, he contends his conduct does not fall within the statutory prohibition, i.e., there is insufficient evidence to support his conviction. Second, he contends the district court erred in denying his motion to produce. Finally, he contends his speedy trial rights were violated.

Norman advanced the same claims he advances now in his appeal to the district court, and we agree with the district court's disposition of Norman's claims. In sum, when viewed in the light most favorable to the verdict, there is substantial evidence in support of the conviction. *See State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997) ("If a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt, the evidence is substantial."). Specifically, police officers testified Norman stood with a camera in very close physical proximity to them during their investigation of a traffic stop of *someone else* despite their repeated requests to back up, and Norman thereby created a safety concern and distraction that hindered their investigation of the traffic stop.

*See State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996) ("The purpose of criminalizing conduct that interferes with official police action is to enable officers to execute their peace-keeping duties calmly, efficiently, and without hindrance. . . . The only question should be whether the officer's acts were hindered."). Second, the trial court did not abuse its broad discretion in denying Norman's overbroad motion to produce in a simple misdemeanor case in which discovery is limited. *See Jones v. Iowa Dist. Ct.*, 620 N.W.2d 242, 243-44 (Iowa 2000). Finally, Norman's concedes his speedy-trial argument is foreclosed by *City of Des Moines v. Elliott*, 267 N.W.2d 44, 46 (Iowa 1978), which holds the speedy-trial right is inapplicable to simple misdemeanor cases. Norman also concedes this court is not at liberty to overturn supreme court precedent. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) (noting the court of appeals is not at liberty to overrule supreme court precedent).

Norman's conviction is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (c), (d), and (e).

**AFFIRMED.**